## WASHINGTON COUNTY NATIONAL BANK vs. LATHROP LEE.

A banking association organized under U. S. St. 1864, c. 106, brought an action, describing itself as "the Washington County National Bank, a corporation duly established by law and doing business in Greenwich in the State of New York," and to prove its corporate existence, introduced an organization certificate of "The Washington County National Bank of Greenwich," to "be located . . . . in the town of Greenwich, county of Washington and State of New York," and a certificate of the comptroller of the currency that "the Washington County National Bank of Greenwich in the county of Washington and State of New York" had been duly organized. *Held*, that in the absence of evidence of the existence at Greenwich of another bank named "the Washington County National Bank of Greenwich," the evidence would warrant the inference of the plaintiff's due organization.

CONTRACT upon a promissory note. By the direction in the writ, the defendant was summoned to answer unto "the Washington County National Bank, a corporation duly established by

law and doing business in Greenwich, in the State of New York."

The declaration was as follows : " And the plaintiff says the defendant made a promissory note, a copy of which is hereto annexed, payable to Eddy, Reynolds, Weaver & Co. or bearer. And the plaintiff is the bearer of said note, and the defendant owes the plaintiff the amount of said note and interest thereon."

The defendant filed this answer: " And now the said defendant comes and for answer says :

" 1. He is ignorant whether or not he executed the note declared on, so that he can neither admit nor deny its execution, but leaves the plaintiff to his proof.

" 2. If it shall be proved that he executed said note, he says the consideration therefor has failed, and if the plaintiff is the legal holder of said note, which he denies, said note was taken by the plaintiff under such circumstances that it cannot recover by reason of such failure of consideration.

" 3. Except that he is ignorant whether or not he executed said note, the defendant denies each and every allegation in the plaintiff's writ and declaration contained, and particularly and specially that the plaintiff is the owner of said note, or has any right to maintain an action thereon."

At the trial in the Superior Court, before *Dewey*, J., the plaintiff produced the note declared on, and the defendant admitted its execution.

The plaintiff offered in evidence a certified copy of what it claimed was its original organization certificate, in which it was provided, among other things, as follows : " First. The name and title of this organization shall be The Washington County National Bank of Greenwich. Second. The said association shall be located and continued in the town of Greenwich, county of Washington, and State of New York, where its operations of discount and deposit are to be carried on." The plaintiff further offered in evidence a certificate under the hand and official seal of the comptroller of the currency, setting forth that it had been made to appear that " the Washington County National Bank of Greenwich, in the town of Greenwich, in the county of Wash-

ington and State of New York," had been duly organized, and certifying that it was duly authorized to commence business under the act of Congress.

The defendant objected to the admission of this evidence, but it was admitted by the court. There being no other evidence in the case, the defendant contended that there was no sufficient evidence to prove that the bank was duly organized, so as to entitle it to maintain an action. The court ruled that the evidence was sufficient to authorize the jury in finding a verdict for the plaintiff. The jury returned a verdict for the plaintiff for the amount of the note.

The judge reported the case to this court. If the ruling was correct, judgment is to be entered on the verdict; otherwise, the verdict is to be set aside and a new trial granted.

*H. B. Stevens*, for the defendant.

*M. B. Whitney*, for the plaintiff.

GRAY, C. J. It was not denied at the argument that the documents given in evidence by the plaintiff were sufficient to prove the organization of " the Washington County National Bank of Greenwich," established at Greenwich, in the county of Washington and State of New York. The only objection relied on is that, by reason of variance in the name, there is no proof of the organization of the plaintiff as a corporation. It may well be doubted whether this objection is well pleaded. *Christian Society in Plymouth* v. *Macomber*, 3 Met. 235. *Williams* v. *Cheney*, 3 Gray, 215, 220. *Hawes* v. *Ryder*, 100 Mass. 216. But assuming it to be open under the answer of the defendant and the terms of the report, it cannot prevail. The plaintiff is described in the writ as " the Washington County National Bank, a corporation duly established by law and doing business in Greenwich, in the State of New York." In the absence of evidence that there was any other bank of that name at that place, the evidence introduced warranted the inference that the organization proved was that of the plaintiff corporation.

*Judgment on the verdict for the plaintiff.*