## ROGERS v. THE STATE.

1. The indictment charging the larceny of a bale of cotton from a railroad car "in the possession and control of the Central R. R. and Banking Co., a corporation duly chartered under the laws of Georgia and doing business under said corporate name," and the proof showing that the cotton was stolen from the car in question, that it was in the possession of "The Central R. R. and Banking

Co. of Georgia," and that this corporation was generally as well known by one name as the other, there was no substantial variance between the allegations and the proof as to the custody of the car.

2. The verdict was supported by the evidence. There was no error in the various rulings of the court complained of, and a new trial was rightly denied.

October 8, 1892.

Criminal law. Indictment. Evidence. Before Judge Martin. Muscogee superior court. May term, 1892.

Wheeler Williams, for plaintiff in error.

A. A. Carson, solicitor-general, *contra*.

Lumpkin, Justice.

The motion for a new trial assigns error upon various rulings of the court made during the trial, but they all turn upon the question indicated in the head-note.

According to the evidence, the correct name of the corporation having the custody of the car from which the larceny was committed was "The Central R. R. and Banking Co. of Georgia," while the description of it in the indictment omits the words "of Georgia." It also appears from the evidence that this corporation is generally as well known by one name as by the other. The question is, was the variance between the charge and the proof fatal? In our opinion it was not. In point of fact, there can scarcely be a doubt that the accused, his counsel, the court, jury, and all others concerned, knew perfectly well that the corporation to which the proof related was that to which the indictment referred, especially when it is shown that in speaking of it colloquially, one name is used as often as the other, the potent words "of Georgia" being frequently left off. The indictment does inform us it is a Georgia corporation, and the proof makes it a corporation "of Georgia." This would not dispense with the legal degree of accuracy requisite in setting forth the corporate name in the pleading, nor with the necessity of having

the evidence to conform thereto, but it does afford some aid in establishing the identity of the corporation in question. Tested by the evidence, the name in the indictment is correct as far as it goes, and only lacks two words of being exactly correct. The result of their omission is simply, we think, a slight misnomer. *Rome R. R. Co.* v. *Sullivan, Cabot & Co.,* 14 *Ga.* 277; *Johnson* v. *Central R. R.,* 74 *Ga.* 397. It cannot be more serious than a like misnomer in the name of an individual. In 1 Morawetz, Corporations, §354, we find the following: "The identity of a corporation is no more affected by a change of name than the identity of an individual. The agents of a corporation have no implied authority to use any name except that indicated by the company's charter, in contracting on the company's behalf; but the use of a wrong name is ordinarily not material if the corporation is really intended by the parties. A misnomer of a corporation has the same legal effect as a misnomer of an individual. . . . So, a statute or legal proceeding relating to a corporation is not inoperative by reason of a slight variation in the company's name, if the identity of the corporation is clearly indicated." See, also, Angell & Ames, Corp. (11th ed.), §§645 *et seq.*; Washington Co. Nat'l Bank *v.* Lee, 112 Mass. 521. In *Jackson* v. *State,* 76 *Ga.* 551, this court ruled, in effect, that the name of a corporation as laid in an indictment need not be proved *verbatim et literatim,* and that a slight variance was immaterial. On page 568, Justice HALL says: "The question is one of the identity of the party whose property was embezzled, and not merely one of the identity of a name, and neither the court nor jury could have been at any loss from this slight variance to determine what person was referred to," and cites 1 Bish. Cr. Proced. §682; Com. *v.* Deadham, 16 Mass. 147, 148, and *Goode's* case, 70 *Ga.* 752. The variance in *Jackson's* case was very slight

indeed, the indictment calling the corporation "The Enterprise Manufacturing Company," while the charter, offered in evidence and objected to because of the alleged variance, designated it as "Enterprise Manufacturing Company." In fact, Justice HALL finally reduced the difference between the description and the proof to that between a capital "T" and a small "t," but we think, nevertheless, his remarks above quoted are applicable to the case at bar.

If an indictment charged the larceny of goods belonging to an individual therein named, and the evidence showed they were the property of a person whose correct name was slightly different from that laid in the indictment, but that this person was as well known by the one name as by the other, it cannot be doubted that the proof as to ownership would be sufficient. According to the above authorities, and upon principle, we see no good reason why the same rule should not apply to corporations. It is true that a corporation is an artificial person, and that its correct name is that only which its charter gives it; but it should not, because of a trivial inaccuracy or omission in stating its name, be said to have utterly lost its identity, especially when this inaccuracy or omission is of common occurrence and creates no doubt as to the identity of the particular corporation. A man named John Wilson Smith is not John William Smith, nor, strictly speaking, is he plain John Smith; but if it appeared that the man really named John Wilson Smith was as well known, and as generally called, by any one of these names as another, a misnomer in pleadings by which he was designated under one of the latter names would be of no consequence. So, strictly speaking, "The Central R. R. and Banking Co. of Georgia" is not "The Central R. R. and Banking Co.," but what difference can it make, or what substantial right of the accused is lost, because

the indictment fails to give this corporation its full and perfectly accurate name, its identity being beyond question, and its abbreviated name being used as often, and as commonly understood as applying to it, as its full name? The case of *Bradford, trustee,* v. *The Water Lot Co., etc.,* 58 *Ga.* 280, does not necessarily conflict with the ruling of this court in the case at bar. Suit was entered and judgment rendered against "The Water Lot Company of the City of Columbus," and thereupon, execution issued against "The Water Lot Company." The variance between the judgment and the execution was held material, and the levy was dismissed. Section 3636 of the code, declaring that "all executions must follow the judgment from which they issued, and describe the parties thereto as described in such judgment," is imperative, and explicitly requires the description of the parties to be the same in the judgment and *fi. fa.* Consequently, a much less important variance in this respect would be sufficient, under this plain law, to quash a *fi. fa.* than would justify a court in deciding that allegations in pleadings were not sustained by evidence. Again, in the case just cited, the point arose in such manner that there could be no opportunity to show the corporation was known as well by the one name as by the other, and allow this fact, if proved, to have weight in deciding the question. The objection to the *fi. fa.* had to be settled by an inspection of the record without extrinsic aid.

We have not time to search for authorities other than those above cited, and which we doubt not exist, sustaining the decision rendered in this case, nor for others which may be found either apparently or actually in conflict therewith; but we are content to rest our judgment upon the sound rules of everyday reason and practical common sense, which seem to support it, and

which are, we believe, perfectly consistent with the true law applicable to the question presented.

*Judgment affirmed.*