## 9819. STEWART v. THE STATE.

STEPHENS, J. 1. Where a defendant is indicted for the larceny of an automobile, the charge in detail being that he did take and carry away with intent to steal, etc., "one seven-passenger automobile Overland" of a certain designated number and model, and the evidence shows that the automobile was a "seven-passenger Wyllis-Overland" of the same number and model as alleged in the indictment, the description in the evidence conforming in every detail with that contained in the indictment, except that the indictment alleges "Overland" when the proof shows the automobile to have been a "Wyllis-Overland," there is no such variance between the charge and the proof as would amount to a failure of the evidence to sustain the charge set out in the indictment. In the absence of proof that an "Overland" and a "Wyllis-Overland" are separate and distinct types of automobiles; the word "Overland" will be taken as generic and generally descriptive of a certain type of automobile, and the word "Wyllis" will be taken as an adjective describing specifically a particular species of automobile. It follows, therefore, that where an indictment alleges generally that the automobile stolen was an "Overland" of a certain number and model, this allegation is sustained by evidence to the effect that the automobile claimed to have been stolen was a particular kind of Overland, such as a "Wyllis-Overland."

2. The failure on the part of the trial judge to define simple larceny, or larceny, in his charge to the jury is not error, in the absence of a timely written request so to do, when the charge as a whole correctly and properly states the law applicable to the case.

3. The evidence, while circumstantial, was sufficient to authorize the jury to find the defendant guilty, and the jury having so found, and their verdict having been approved by the trial judge, this court will not disturb their finding.

*Judgment affirmed. Broyles, P. J., concurs. Bloodworth, J., concurs dubitante.*

DECIDED JANUARY 9, 1919.

Indictment for larceny; from Laurens superior court—Judge Kent. May 10, 1918.

*W. A. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.