20669. BISHOP *v.* THE STATE.

172

Decided October 7, 1930.

F. Joe Turner Jr., for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson, contra.

LUKE, J. The special presentment in this case charges Glover Bishop with the offense of burglary, "for that said accused, in the County of Fulton and State of Georgia, on the 9th day of December, 1929, with force and arms, did break and enter the storehouse and place of business of A. P. Lightner, where valuable goods were contained, with intent to steal." The jury found the defendant guilty, and fixed the penalty at from six to ten years.

The first question presented by the record is, whether or not the court erred in overruling the following demurrer to the indictment: "1. Said indictment fails to properly locate the alleged crime. 2. The allegations of said indictment are too vague, indefinite and uncertain to place this defendant on notice of what he is called upon to defend. 3. Said indictment does not locate the alleged crime with sufficient certainty. 4. Said indictment does not allege the location of the 'store-house and place of business of A. P. Lightner,' nor does it allege that said A. P. Lightner has only one storehouse or place of business."

The second count of the indictment in the case of Goodbread v. State, 29 Ga. App. 195 (115 S. E. 44), charged the defendant with the offense of felony, "for that the said J. S. Goodbread . . did become an accessory before the fact to the offense of burglary, for that one Charlie Davenport, on March 1, 1919, in the county and State aforesaid . . did break and enter, with intent to commit a larceny, the office of R. S. Pyles, sheriff of Glynn county, Georgia, the same being his place of business, where valuable goods, wares, and articles were contained. . ." The demurrer was: "Be-

cause said indictment, in the second count therein, fails to allege where the office of R. S. Pyles was located, or in what house, if any, same was in, and whether same was a house or tent, box-car, or other place." The court held that the indictment contained a "sufficiently definite description of the place alleged to have been burglarized to withstand the demurrer." We are of the opinion that the indictment in the case under consideration is sufficiently definite and full to inform the accused of the offense charged, and to protect him from a second jeopardy. We hold that the indictment is good as against the demurrer interposed, and that the trial judge did not err in overruling the demurrer.

The first ground of the amendment to the motion for a new trial is merely an elaboration of the contention that the court erred in overruling the demurrer to the indictment. This question has already been passed upon, and, moreover, it could not be made a ground of the motion for a new trial.

2. The second special ground is that the court erred in overruling the movant's motion to rule out certain parts of the testimony of the witness A. P. Lightner. The motion was to "exclude all the testimony with reference to any pistol." It does not appear that at the time the motion was made, or at any other time, the movant stated to the court any reason why said testimony should be excluded. "Objections to the admission of testimony are insufficient where no specific ground of objection is stated." *Smith* v. *State*, 38 *Ga. App.* 748 (145 S. E. 526).

3. The third special ground complains of the following part of the charge of the court: "Intent is solely a question for the jury. Intent is only ascertainable by acts and conduct, and the law presumes every act which is itself unlawful was criminally intended, until the contrary appears. Intent may be shown in many ways, provided the jury finds that it existed from the evidence produced before them. It may be inferred from the proven circumstances, or by acts and conduct, or presumed when it is the natural and necessary consequence of the act." The objection to the foregoing instruction is that in it the court expressed the opinion "that 'the proven circumstances' were sufficient for the jury to infer . . criminal intent on the part of this movant." After stating to the jury that they must find intent from the evidence, the court proceeded to enumerate some of the ways in which it could be shown.

It would be a forced construction of the court's language to say that the court charged that "the proven circumstances" warranted the conclusion that criminal intent on the part of the defendant had been proved. We do not think that the jury was misled or the movant injured by the charge, and we hold that it was not erroneous for the reason assigned.

4. The fourth and last special ground complains that the court erred in not censuring the prosecuting attorney for arguing to the jury that "burglaries and banditry here are so numerous that the police are unable to cope with the situation," and that "every merchant who operates little stores is in constant fear and dread of his life." The ground merely states that movant objected and excepted to that line of argument. It appears from the ground that the court cautioned counsel to confine his remarks to the evidence. No motion for a mistrial was made. Clearly this ground discloses no reversible error when measured by the rule that a motion for a mistrial was essential to raise the question under consideration. See *Gilbert* v. *State,* 25 *Ga. App.* 384 (2) (103 S. E. 694); *Redd* v. *State,* 28 *Ga. App.* 483 (1) (111 S. E. 685); *Stapleton* v. *State,* 19 *Ga. App.* 36 (13) (90 S. E. 1029).

5. There is evidence that at about one o'clock on the morning of November 17, 1929, the defendant broke and entered a building located at the corner of Auburn Avenue and Boulevard in Fulton county wherein A. P. Lightner conducted a lunch-counter and kept cigarettes, cigars, and confections, and that Lightner captured him when he was in the window with his feet inside the building. It would answer no good purpose to state the evidence fully. We are satisfied that it supports the verdict, and we hold that the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*