24342. DIXON *v.* THE STATE.

DECIDED OCTOBER 29, 1934.

*McDonald & McDonald,* for plaintiff in error.
*Allan C. Garden, solicitor-general,* contra.

BROYLES, C. J. ■ The indictment in this case charged that J. F. Dixon, for a present consideration and with intent to defraud, drew, uttered and delivered to John Owens, "a certain bank check of the following tenor and effect to wit: 'Ocilla, Ga. 7-15-1931-No. The First National Bank, pay to the order of John Owens ($10.00) ten and no/100 dollars—For Ford Car. J. F. Dixon,' knowing at the time he did not have sufficient funds in or credit with said bank to pay said check in full upon its presentation, to the loss and injury of said Owens in said sum of $10.00." Upon

the trial the State put in evidence a bank check which in words and figures was as follows:

"Ocilla, Ga. 7-15, 1931 No.....

The First National Bank of Ocilla

Pay to the order of John Owens $10.00

Ten and no/100 Dollars

For Ford car.

J. F. Dixon."

Endorsed on back: "John Owens—No Acct. with us." The check was identified as the one upon which the indictment was founded, and was properly admitted in evidence. The omission of the words "of Ocilla" in the name of the bank as set out in the indictment was, to use the language of Justice Lumpkin in *Rogers* v. *State,* 90 *Ga.* 463, 465 (16 S. E. 205), only "a slight misnomer," and there was no substantial variance between the allegations of the indictment and the proof. In the *Rogers* case Justice Lumpkin, speaking for the court, said: "According to the evidence, the correct name of the corporation having the custody of the car from which the larceny was committed was 'The Central R. R. and Banking Co. of Georgia,' while the description of it in the indictment omits the words 'of Georgia.' It also appears from the evidence that this corporation is generally as well known by one name as by the other. The question is, was the variance between the charge and the proof fatal? In our opinion it was not. In point of fact, there can scarcely be a doubt that the accused, his counsel, the court, jury, and all others concerned, knew perfectly well that the corporation to which the proof related was that to which the indictment referred, especially when it is shown that in speaking of it colloquially, one name is used as often as the other, the potent words 'of Georgia' being frequently left off. The indictment does inform us it is a Georgia corporation, and the proof makes it a corporation 'of Georgia.' This would not dispense with the legal degree of accuracy requisite in setting forth the corporate name in the pleading, nor with the necessity of having the evidence to conform thereto, but it does afford some aid in establishing the identity of the corporation in question. Tested by the evidence, the name in the indictment is correct as far as it goes, and only lacks two words of being exactly correct. The result of their omission is simply, we think, a slight misnomer." Judge Lumpkin's decision

was cited and approved by the Supreme Court of the United States in Putnam v. United States, 162 U. S. 687, 691 (16 Sup. Ct. 923, 40 L. ed. 1118), and that court made the following ruling: "An indictment against its president for defrauding a national bank, described the bank as the 'National Granite State Bank,' 'carrying on a national banking business at the city of Exeter.' The evidence showed that the authorized name of the bank was the 'National Granite State Bank of Exeter.' *Held,* that the variance was immaterial." See also *Davis* v. *State,* 105 *Ga.* 808 (2) (32 S. E. 158); *Stewart* v. *State,* 23 *Ga. App.* 139 (97 S. E. 871); *Adsmond* v. *State,* 47 *Ga. App.* 444 (2) (170 S. E. 525).

The verdict was amply authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*