## HARRIS *v.* THE STATE.

No. 11441. SEPTEMBER 17, 1936.

*T. Taylor Purdom,* for plaintiff in error.

*M. J. Yeomans, attorney-general, C. S. Baldwin Jr., solicitor-general, G. L. Goode,* and *O. H. Dukes,* contra.

HUTCHESON, Justice. Caleb Harris was indicted, tried, and convicted of the offense of murder. His motion for new trial was overruled, and he excepted. One assignment of error is upon the failure of the judge to declare a mistrial on motion of counsel for defendant, because of alleged prejudicial and inflammatory remarks of the solicitor-general in his argument to the jury, as follows: "This sorry negro was in the habit of beating his wife. Every time he got mad with her he beat her up. Now, gentlemen of the jury, on this particular night old Caleb came in drunk and prob-

ably got mad with his wife because she wouldn't cook his little old squirrel, and started beating her like he always did. But this time, gentlemen, he was drunk and while she was begging him to stop beating her he kept on and beat her to death. Now, I am going to lay it on heavy, since the judge said I could tell you about this wife-beater. Why, a man who always beats his wife is lower down than the lowest animal. Why, gentlemen of the jury, you know dogs, and you have never seen a male dog just jump on a female dog and beat her up. This man, who is lower down than an animal, ought to be sent up to the electric chair. That's better than he deserves. That's better than any man deserves that's got a reputation for beating his wife. And finally, gentlemen of the jury, he beats her a little too much, and kills her. There is only one way to stop people like him. We have the law, and it's up to you, gentlemen of the jury, to enforce it when the court brings before you a wife-beater who finally beats his wife to death. Send this man to the electric chair where he belongs." Upon the motion for mistrial the court said, "All right, we will let him go ahead and try it." No rebuke was given to the solicitor-general, and no instruction given to the jury to disregard his remarks. There is no evidence in the record that the defendant had ever beaten his wife. The evidence relied upon for conviction was purely circumstantial, there being no eye-witness to the killing. There was no evidence that the deceased refused to cook the squirrel, or that the defendant became angry with her because of any such refusal. There was no evidence that he had ever had a quarrel with his wife. "The State, as accuser in a criminal proceeding, does not seek one of its citizens convicted unless the evidence shows his guilt beyond a reasonable doubt; nor will it permit its prosecuting officer to use any unfair means in the trial, or illegal argument in his address to the jury, to the prejudice of the accused. Where, therefore, a solicitor-general in his address to the jury uses highly improper language not authorized by the evidence or any fair deduction therefrom, and the counsel for the accused objects thereto and moves the court to declare a mistrial, which the court refuses, and exception is taken to the ruling, this court will reverse the judgment and grant a new trial in the interest of justice and of fair and impartial trials." *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959), and cit. The remarks of the solicitor-general in the present

case were unfounded and not warranted by the evidence, and were prejudicial to the accused. Under the circumstances, and under the above rulings, it was error for the judge to refuse to declare a mistrial. The case being remanded for a new trial, and the other alleged errors not being such as would likely occur in another trial of the case, they will not now be passed on.

*Judgment reversed. All the Justices concur.*