## 29687. TURK *v.* THE STATE.

DECIDED OCTOBER 3, 1942.

*John T. Ferguson,* for plaintiff in error.

*W. C. Forehand, solicitor-general,* contra.

GARDNER, J. The sole assignment of error is that there was a variance between the allegata and the probata. The charge was cattle stealing. The allegations purported to describe four animals. If the proof sustained the stealing of only one of the animals alleged to have been stolen as described the conviction will stand. One of the animals alleged to have been stolen was described as "one dark-color steer . . with white spots on his body." The prosecutor testified that he lost "two dark-colored ones. . . They had red and white specks on their bodies." Another witness testified that the cows which defendant sold included "two black ones with white spots." The evidence as above quoted is taken from the brief of counsel for the defendant and is by him thus admittedly embraced within the record. The brief of evidence describes other marks of identification as to the cattle in question not contained in the allegations of the indictment. Marks of identification other than those alleged in the indictment were admissible. See *Williamson* v. *State,* 28 *Ga. App.* 470 (111 S. E. 683) ; *Finley* v. *State,* 26 *Ga. App.* 9 (105 S. E. 497) ; *Stewart* v. *State,* 23 *Ga. App.* 139 (97 S. E. 871). There was evidence that the cows were branded with a C or a D or an O, and that these were the only ones thus branded in that range. The evidence above quoted was sufficient to sustain an allegation that "one dark-colored steer . . with white spots about his body" was stolen, as alleged in the indictment.

We have not attempted to rule as to the evidence in regard to sex, venue, ownership, value, etc., for the reason that these elements are not contested. The reference to a black steer is equivalent to a dark steer. The words are synonymous. We are not passing on whether or not the proof as to the other three animals described in the indictment was at variance with the allegations. *Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*