### 29889. TURNIPSEED v. THE STATE.

DECIDED JANUARY 6, 1943. REHEARING DENIED FEBRUARY 12, 1943.

*Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, Quincy O. Arnold, Durwood T. Pye,* contra.

GARDNER, J. The defendant was tried for burglary on an indictment containing three counts and involving three separate places alleged to have been burglarized. The State entered a nolle prosequi on count 3. The jury returned a verdict of not guilty on count 2 and a verdict of guilty on count 1. The defendant filed a motion for new trial on the general grounds only.

The State's evidence was to the effect that the filling-station and place of business of Frank R. Beall, at 393-400 West Peachtree Street, was broken into and entered on March 30, 1942. There were stolen therefrom a 1941 Plymouth car and other articles, including five tires and one tube. The car was recovered the next day from Raymond L. Sisson. Sisson implicated the defendant as having gone with him to Beall's place of business, breaking into the building, and taking the car and other articles. The officers next arrested the defendant who made a plenary confession, stating that he was drunk and with Sisson, and that he drove the car away. He also admitted that he had sold "the tires" for $10. The defendant in his statement denied that he made a confession to the officer, but he did admit selling certain tires which he

claimed Sisson left on defendant's porch at night, asking defend-ant to hold them for Sisson. Defendant stated that the officer was mistaken about his having told the officer that he was drunk, and that he knew nothing about the automobile.

It is argued that there was no proof of the corpus delicti, and hence a confession was insufficient to sustain the verdict. A number of people testified as to the breaking, and the property which was stolen from the building. The entrance was made by breaking the plate glass in the office door. The doors to the garage were opened and several desks were rifled, the papers being thrown from the desks onto the floor, and several boxes of accessories opened. We can not conceive how the corpus delicti could have been more completely proved than it was in this case. Proof of the corpus, delicti and a plenary confession are sufficient to sustain a conviction. *Simmons* v. *State,* 18 *Ga. App.* 104 (88 S. E. 904).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*