### 32073. JACKSON *v.* THE STATE.

GARDNER, J. ■ (a) The defendant was convicted of larceny from the house. Thereafter he filed his motion for a new trial on the general grounds and in due course added three special grounds. This motion was overruled. On this judgment the defendant assigned error in the Supreme Court of Georgia. The case was transferred to this court. 203 *Ga.* 570 (47 S. E. 2d, 588).

The corpus delicti was proved beyond question and without dispute. Proof of the corpus delicti and proof of a confession freely and voluntarily made, are sufficient to sustain a conviction. *Turnipseed* v. *State,* 68 *Ga.* App. 824 (24 S. E. 2d, 212). See the many other decisions to the same effect under the Code (Ann.), § 38-420, catchwords "corpus delicti." Since the evidence sustains the corpus delicti, aliunde the confession, if the confession was properly admitted and was competent testimony for the consideration of the jury along with the evidence as to the corpus delicti, the verdict is supported by evidence insofar as the general grounds are concerned. This brings us, then, to a consideration of the special grounds which attack the admissibility, over objections on the part of the defendant, of confessions which the court admitted.

(b) The defendant filed three special grounds, the first of them based on confessions of the defendant both written and oral. In two of the spe-

cial grounds the defendant alleges that "all of the evidence showed that the confessions were obtained illegally and unconstitutionally." In the third special ground the defendant alleges error on the failure of the court to direct a verdict because, in effect, all the evidence showed that the confessions were not freely and voluntarily made. And for these reasons the introduction of these illegal confessions left the evidence of the State insufficient as a matter of law to sustain a conviction against the defendant, because the confessions being illegally admitted, the State had left only the evidence as to proof of the corpus delicti and no evidence to legally connect the defendant with the perpetration of the crime charged. In neither of the special grounds does the defendant set out any evidence whatever on which to base these broad and general conclusions to the effect that all the evidence showed that the confessions were illegally obtained, but we have to look beyond the incompleteness of these special grounds to determine whether the confessions were illegally obtained in violation of the defendant's constitutional rights. That is to say, we must examine the entire brief of evidence attached to the record to determine this question. The three special grounds go to one question, that is, whether the confessions were illegally obtained. If they were illegally obtained, the judgment should be reversed. If they were not, it should be affirmed. In looking to the evidence, all the witnesses for the State, including the sheriff, the deputy sheriff, the members of the Georgia Bureau of Investigation who assisted in the case, and other witnesses, testified that the confessions were freely and voluntarily made. That they were not "induced by another, by the slightest hope of benefit or the remotest fear of injury." Code, § 38-411. It appears only from the defendant's statement that his confessions were not freely and voluntarily made. Where there is an issue as to whether a confession is freely and voluntarily made, the procedure is, and the practice has always obtained, so far as we know, that this issue be submitted to the jury under proper instructions from the court, for the jury to solve and determine whether or not the confessions were freely and voluntarily made. The trial court in the instant case accurately, clearly and fully submitted this issue to the jury. The jury resolved the issue against the defendant. They did not believe the defendant's statement. He introduced no other evidence on this issue, whatsoever. The decisions cited and relied on by able counsel for the defendant differentiate themselves from the facts in the instant case. Those decisions are: *Coker* v. *State, 199 Ga.* 25 (33 S. E. 2d, 171); Chambers v. Florida, 309 U. S. 227 (60 Sup. Ct. 472 84 L. ed. 716); White v. Texas, 310 U. S. 530 (60 Sup. Ct. 1032, 84 L. ed. 1342); Ashcraft v. Tennessee, 322 U. S. 143 (64 Sup. Ct. 921, 88 L. ed. 1192); Malinski v. New York, 324 U. S. 401 (65 Sup. Ct. 781, 89 L. ed. 1029); John Harvey Haley v. Ohio, 332 U. S. 596 (68 Sup. Ct. 302). On this point our principles of law are plain. See, in this connection, *Dawson* v. *State, 59 Ga.* 334. In a comparatively recent case of *Bryant* v. *State, 191 Ga.* 686 (13 S. E. 2d, 820), our Supreme Court rendered an extensive and, we think, classical and learned opinion on the subject of confessions. We will not quote it here, but we do invite a respectful and constant consideration of it by the bar and bench in-

terested in the subject of confessions, as an exhaustive treatment on the principle of our law as applied to confessions. In that case it is true that the lower court was reversed for the reasons expressed in headnotes 13 and 14, but the lower court was not reversed on the question of admissions of confessions, which were involved in that case. The evidence in that case was in many respects similar to the evidence in the instant case and all questions and more, relating to confessions were raised in that case that are involved in the instant case. Since the evidence in the *Bryant* case, supra, was set out at some length in the opinion, as to confessions, we deem it advisable here to briefly, but substantially, relate the evidence in the instant case as it relates to confessions. In the instant case the defendant was arrested on suspicion of the theft of about $300 worth of field peas stored in an outhouse. When arrested he denied any knowledge of the theft. After repeated questioning by the officers, and several days thereafter, he made a confession that he and several others made several trips to the outhouse where the peas were stored and hauled them to the premises of a third person where they were stored. Being fearful that their theft would be detected, the defendant and his confederates, together with the party on whose premises the peas were stored, some days after the theft, removed the peas and threw them in a river. The officers, after the confessions, went to the river where the confessors informed the officers that the stolen peas would be found hidden. By dragging the river, about 17 bags of the peas were recovered. There were others bags in the river which the officers did not recover. Reverting to the time between the arrest of the defendant and the confessions, the defendant was questioned on numerous occasions by the sheriff, the deputy sheriff, and the G.B.I. officers. For a period of several days he was held incommunicado. All the State's witnesses who testified touching the confessions gave evidence that no one induced the defendant to make the confessions, that no benefit was held out to him, that no reward was offered, and that he was not mistreated in any way. As above stated, the defendant in his statement was the only one who claimed that his confessions were the result of inducement by another or that such were made on account of hope of benefit or fear of injury. This being true, the court properly admitted the confessions to the jury for them to determine whether or not the confessions were made freely and voluntarily or whether induced by another by the slightest hope of benefit or the remotest fear of injury.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided July 16, 1948. Rehearing denied July 29, 1948.

*R. V. Hyman, Harris & McMaster, E. T. Averett,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.