## 34149. IVEY *v.* THE STATE.

GARDNER, P.J. 1. At the August term, 1950, of the Superior Court of Glascock County, two accusations were filed against Post Ivey. One accusation charged him with having in his possession liquor not having the proper revenue stamp attached thereto. The other accusation charged him with selling intoxicating liquor. He was tried on each accusation, and a verdict rendered on each. Both cases were brought to this court by a bill of exceptions in May, 1951. This court affirmed the case wherein the defendant was charged with selling liquor and reversed the case wherein he was charged with possessing unstamped liquor. This court reversed the court below on the accusation which charged him with possessing unstamped liquor because the State failed to show that the liquor found in the possession of the defendant did not have attached to it a proper revenue stamp. At the August term, 1951, the defendant was placed on trial for having unstamped liquor in his possession. On the call of this case, the defendant filed a plea of former jeopardy to the effect that, having been convicted of selling liquor, he could not be put on trial for possessing the same liquor, since it was the same transaction because he was formerly convicted for selling liquor. The State filed demurrers both general and special. The court sustained these demurrers to the plea of former jeopardy. Counsel for the defendant filed a direct bill of exceptions assigning error on the judgment sustaining the State's demurrers.

2. Distinguished counsel for the defendant cite, in support of their contention that the court committed reversible error, two decisions of the Supreme Court, namely *Blair* v. *State,* 81 *Ga.* 629, 631 (7 S. E. 855), and *Harris* v. *State,* 183 *Ga.* 106 (187 S. E. 669). The comment of Judge Bleckley in his special concurrence in the *Blair* case is called to our attention. While the comment of Judge Bleckley is interesting, yet he concurred (although specially) in upholding the conviction in that case. In the majority opinion the court stated: "We think the true rule is this: If the evidence required to convict under the first indictment would not be sufficient to convict under the second indictment but proof *of an an additional fact would be necessary*

to constitute the offense charged in the second indictment, then the former conviction or acquittal could not be pleaded in bar to the second indictment." (Italics ours.) A careful reading of the *Harris* decision does not sustain the contention of the defendant. It will be noted that the Supreme Court dealt quite at length with the question now before us. It cited and analyzed the *Blair* case, but did not overrule or criticize it. Therefore, we must conclude that the court did not err in overruling the general demurrer in the instant case. This is true for the reason that selling liquor and having and possessing unstamped liquor are two separate and distinct offenses as a matter of law, and are not one offense. And too, as was pointed out in the *Blair* case, the proof of an additional fact is required under the law to show the possession of unstamped liquor, to wit, that it had no stamp on it. In the instant case, there was a violation of law in selling any kind of liquor, though not against the law to possess a limited quantity of properly stamped liquor. This court in a number of cases has passed on transactions similar to those in question here as being authorized under our law. We call attention to only two, which the defendant cites: *Phillips* v. *State*, 27 *Ga. App.* 1 (107 S. E. 343); *Vellis* v. *State*, 28 *Ga. App.* 468 (111 S. E. 683). Counsel cite these two cases and contend that, since they are not in harmony with the *Blair* case and the *Harris* case, supra, they should have been considered as overruled. This we decline to do.

One of the special demurrers which the court sustained is to the effect that the opinion of this court should have been attached in the plea of former jeopardy. The court erred in sustaining this demurrer. It is not necessary to attach to an indictment the opinion of an appellate court. Neither is it necessary to attach as an exhibit the two accusations involved. While the defendant did mention these in his plea of former jeopardy, it was merely surplusage, and the court erred in sustaining the special demurrers of the State in this regard.

The judgment is affirmed on the judgment of the court sustaining the general demurrer, and the judgment is reversed in sustaining the two special demurrers as herein mentioned above. These were the only special grounds.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*

Decided July 15, 1952—Rehearing denied July 28, 1952.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.