## 41830. SELLARS v. THE STATE.

SUBMITTED FEBRUARY 8, 1966—DECIDED APRIL 5, 1966—
REHEARING DENIED APRIL 21, 1966—

*Sumner & Boatright, J. Laddie Boatright,* for appellant.

NICHOLS, Presiding Judge. ■ It is fundamental that indictments must be returned in open court. See *Zugar v. State,* 194 Ga. 285 (21 SE2d 64); *Cadle v. State,* 101 Ga. App. 175 (113 SE2d 180). The motion in the present case complains that the indictment is dated on September 15, 1965, was filed in the clerk's office on September 16, 1965, and did not show on its face that it was returned in open court.

Assuming without deciding that the oral motion to quash was sufficient to raise the question presented—but see *Peppers v. Balkcom,* 218 Ga. 749, 750 (130 SE2d 709)—the minutes of the court which were read into the record upon the hearing (this being the only evidence other than the indictment itself)

showed the indictment was returned in open court, and until such time as the minutes were disapproved, and there was no contention that such entries were not correct, the presumption that such entry was correct and that the indictment was returned in open court remained, was not rebutted and no effort was made to have the minutes disapproved. See *Justices of Inferior Court of Talbot County v. House*, 20 Ga. 328, as to the validity of the minutes. Therefore the trial court did not err in overruling such motion.

■ Counsel for the defendant moved for a continuance because they had been unable to prepare for trial. In support of such motion counsel stated the number of days he had been in court since being employed by the defendant. Counsel was present at the preliminary hearing on August 27, 1965. On October 11, 1965 (the day of the trial) counsel had been employed for at least 45 days, and under the decisions exemplified by *Foster v. State*, 213 Ga. 601 (100 SE2d 426), the discretion exercised by the trial court in overruling such motion was not abused.

■ The defendant demurred to the indictment because it did not give the location of the alleged burglary other than the county thereof, and did not state the time (day, night or hour) of the alleged burglary.

It is not necessary that an indictment for burglary state the time of day of the alleged burglary. See *Lassiter v. State*, 67 Ga. 739. And under numerous decisions the indictment was not subject to demurrer because it did not describe the location of the place allegedly burglarized other than the county wherein such "storehouse" was located. See *Bishop v. State*, 42 Ga. App. 171 (1) (155 SE 362); *Goodbread v. State*, 29 Ga. App. 195 (115 SE 44).

The remaining grounds of demurrer, not being argued, are treated as having been abandoned.

■ The only other question presented is whether the evidence authorized the verdict of guilty, and in support of such contention the defendant relies solely upon the contention that there was a fatal variance between the allegata and the probata. This contention is based upon the allegation that the place allegedly

burglarized was described as the "storehouse of Variety Curb Market and Dawson Hammock" and Dawson Hammock testified that he owned three stores, that two were operated under the name "Variety Curb Market," one under the name "Variety Food Store," and that the one known as "Variety Food Store" was the one burglarized. This witness also testified that the place burglarized was called "Variety Market." During the trial of the case the names "Variety Curb Market" and "Variety Food Store" were used interchangeably by counsel and witnesses to describe the premises owned by Dawson Hammock and burglarized on the date alleged in the indictment.

Under the decisions in *Davis v. State,* 105 Ga. 808 (32 SE 158), and *Lawrence v. State,* 26 Ga. App. 607 (107 SE 621), and similar cases, the variance in the allegations in the indictment and the proof submitted was not such as would vitiate the conviction.

*Judgment affirmed. Hall and Deen, JJ., concur.*