43837.   SMITH v. THE STATE.

SUBMITTED SEPTEMBER 9, 1968—DECIDED OCTOBER 8, 1968.

*Harl C. Duffey, Jr.,* for appellant.

*Robert G. Walther, Solicitor General,* for appellee.

DEEN, Judge.  "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." *Code* § 81-1009. "In the trial of a criminal case, counsel for the State should refrain from making any argument that might be calculated to unfairly influence the jury in arriving at its verdict." *Bland v. State,* 210 Ga. 100, 107 (78 SE2d 51). "It is error to allow, over objection of the defendant,

prejudicial and irrelevant matter to go before the jury in a trial, which tends to place his character and conduct before the jury, where the nature of the case does not involve such character." *Fitzgerald v. State,* 184 Ga. 19 (190 SE 602) and see *Harris v. State,* 183 Ga. 106 (187 SE 669) ; *Josey v. State,* 89 Ga. App. 215 (79 SE2d 64). Nor will a mere apology and withdrawal of the remark by counsel, where there is no reprimand by the court, be sufficient to prevent a mistrial if it appears that the remarks were such as to prejudice a fair trial. *Southern R. Co. v. Black,* 57 Ga. App. 592 (5) (196 SE 291). In this case the defendant testified that he had been paid by the GBI for information in cases involving prostitution, vice, lottery and all types of clip joint investigation. The solicitor, using this springboard, argued to the jury: "What kind of man is this defendant, willing to say and do whatever is necessary to avoid serving time, 'pushing women' and so forth?" by which he was understood to mean pimping for prostitutes. In moving for the mistrial counsel for the defendant made it clear that he considered these remarks could not be cured by the court by merely instructing the jury to disregard them, and *Barnes v. State,* 111 Ga. App. 348 (1) (141 SE2d 785) is not applicable. No rebuke was made to counsel, as required by *Code* § 81-1009. "When the court after objection fails to rebuke counsel and endeavor by needful instructions to remove the prejudicial effect of the remarks from the minds of the jury or to order a mistrial, a new trial is required." *Brown v. State,* 110 Ga. App. 401, 407 (138 SE2d 741). The evidence in no way suggested that this defendant had engaged in abetting prostitution or other crimes but only that he had informed on others who did so, and the direct accusation of the solicitor, inferring that the defendant informed on his companions in order to buy his way out of his own criminal activities, was highly prejudicial and unsupported by evidence in this case. Its prejudice stems from the fact that it may well have been true, and it was certainly designed to influence the jury toward this conclusion when coming from the mouth of one who might be expected to know whether or not it was true. The court failed to apply the minimum required corrective action by both instructing the jury to disregard the remark *and* rebuking

counsel. *Ingram v. State*, 97 Ga. App. 468, 486 (103 SE2d 666). The defendant, having insisted on the grant of a mistrial as the minimum corrective ruling, did not waive his right to assign error thereon. The corrective action was insufficient and demands a new trial.

■ The defendant's confession was properly introduced in evidence. It is undisputed that he initiated the interview with the purpose of giving the confession, that he was properly warned, and that no inducements or threats were held out to him. If he was motivated by either fear of or a desire for revenge on his alleged co-conspirators, such motivation was personal to him and did not concern the law enforcement officers. *Sims v. State*, 45 Ga. App. 657 (3) (165 SE 892).

■ There is solid testimony that the building in question was burglarized by a forcible entry through a rear window, the safe torn open, and a money box with cash and checks removed. The safe and building had been locked when the employees left in the evening and were found ransacked the next morning. A new scotch tape holder was found on the floor, badly scarred. The defendant's confession corroborated these and other details; he stated that he remained in the automobile and the other men returned with a small tin box containing cash bills and two green plastic bags; that they had knocked off the safe door with a wedge and chisel, and that they told him they had not brought enough wedges but used a scotch tape holder as an extra wedge. The defendant's contention upon the trial was that he did not participate in the burglary but knew the details from hearing conversation between the actual perpetrators, Chandler and Peavy, and that the false confession was a result of pressure, not emanating from the law enforcement officers. This defense addressed itself solely to the jury. "Proof of the corpus delicti and plenary confession are sufficient to sustain a conviction." *Turnipseed v. State*, 68 Ga. App. 824, 825 (24 SE2d 212); *Davis v. State*, 105 Ga. 808 (3) (32 SE 158).

■ It is also contended that there was a fatal variance between the allegata and probata in that the indictment charged burglary of the "Green Meadow Dairy building" whereas the building was in fact owned by Green Meadow Dairy Farms,

Inc. In reply to a question: "There is no such name as Green Meadow Dairy; it is Green Meadow Dairy, Inc.,—Green Meadow Dairy Farms, Inc.?" the witness replied: "All the signs show Green Meadow Dairy . . . Green Meadow Farms and Green Meadow Dairy is one and the same . . . Green Meadow Dairies was the plant." The rule that ownership must be proved as alleged, even though alleged with unnecessary particularity, is for the benefit of the defendant and a safeguard against possible double jeopardy; nevertheless, where the variance is slight and there is testimony that the place is known as well by one name as by its variant, it is not usually fatal. *Sellars v. State,* 113 Ga. App. 510 (4) (149 SE2d 158) and cit.; *Rogers v. State,* 90 Ga. 463 (16 SE 205).

For the reason stated in the first division of this opinion the trial court erred in refusing to grant a new trial.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*