## 53518. CLARK v. THE STATE.

SMITH, Judge.

The appellant was indicted for aggravated sodomy and child molestation after allegedly assaulting a six-year-old boy. A jury found him guilty of aggravated sodomy and thus did not reach the question of whether he was guilty of the lesser charge. The substantial enumerations of error deal with several evidentiary rulings at trial. We conclude that certain testimony introduced against the appellant was hearsay and was not part of the res gestae. Since the hearsay testimony comprised the heart of the evidence against the appellant on the aggravated sodomy charge, the judgment of conviction must be reversed.

1. A neighbor of the victim was an eyewitness to the alleged sexual assault. He testified that he saw a man driving a blue Ford stop at the curbside in front of his house. The alleged offense occurred there and the witness ran outside and shouted at the perpetrator who drove away. The witness and a neighbor drove off in pursuit. Another neighbor took the victim home. The victim's father testified that he saw the blue Ford driving away, and three to five minutes thereafter his sister-in-law brought the child home. The father said he learned at that time what had happened, and, accompanied by his father-in-law, he drove away in an attempt to find the offender. He drove three or four miles and was unable to determine where the other cars had gone so he returned home. Asked what he did then, he replied, "Questioned my sister-in-law and my little boy, and at this time we gained nothing." The boy's mother testified that he was scared and crying when he was brought home, but he thereafter calmed down. She said he made no statements about what had happened to him.

Meanwhile, the eyewitness and the other neighbor had located a blue Ford and informed a law officer who arrested the driver. The eyewitness returned to the neighborhood and told the victim's father what he had seen and told him that the offender had been caught and the sheriff wanted the father to go down to the jail and swear out a warrant. The father went inside the house to

get his boy, and the father, the father-in-law, and the boy began the drive to the jail. The father testified that, during this ride, "I asked him exactly what happened, what did the man do?" The boy did not answer but broke down and cried. Finally, after regaining his composure, he answered his father and gave an account of the incident. The father's testimony was self-contradicting, but he seemed to conclude that the boy's statement to him was made thirty to forty minutes after the incident.

Over the objection, the trial court ruled the boy's statement to his father was part of the res gestae, and the father was allowed to repeat the statement at trial. Admission of the statement is enumerated as error.

Code § 38-305 provides, "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible as part of the res gestae." Of this exception to the hearsay rule, Chief Justice Bleckley said, "What the law altogether distrusts is not afterspeech but afterthought." *Traveler's Ins. Co. v. Sheppard,* 85 Ga. 751, 775 (12 SE 18). Where a statement is narrative rather than exclamatory, "the circumstances must be closely scrutinized, because narrative is generally the result of afterthought." *Southern R. Co. v. Brown,* 126 Ga. 1, 4 (54 SE 911). Other cases have more generally condemned narrative statements: "The real test is: were the declarations a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past?" *Western & A. R. Co. v. Beason,* 112 Ga. 553, 557 (37 SE 863); *Peebles v. State,* 236 Ga. 93 (2) (222 SE2d 376). Much of the case law on res gestae declarations is founded upon Justice Nisbet's interpretation in *Mitchum v. State,* 11 Ga. 615, 627: "If the declarations appear to spring out of the transaction — if they elucidate it — if they are voluntary and spontaneous, and if they are made *at a time so near to it,* as reasonably to preclude the idea of deliberate design, then they are to be regarded as contemporaneous."

If we apply these standards — spontaneity, voluntariness, closeness in time, freedom from suspicion

of device or afterthought — to the present declaration, while closely scrutinizing the circumstances because of the declaration's narrative character, then we can reach no conclusion but that the declaration was not sufficiently part of the event to come within the res gestae exception. The conclusion might very well be different had the child told what had happened in an immediate outcry or even shortly after being calmed down. But here, he had returned to his home and his mother; he had been questioned about what had happened and said nothing; he had stayed at his home until he was calmed down and still said nothing; he had been asked by his father in his car what happened and he said nothing; and finally, after breaking down once again and recomposing himself, he gave a concise narrative of what had happened. Hardly can it be said that this declaration was spontaneous or voluntary in the sense traditionally contemplated by the res gestae rule. The time lapse of thirty to forty minutes, and the boy's exposure during that period to persons who were aware what had transpired, leave open too many opportunities for the formulation of an untrustworthy declaration. The father's recollection of the child's declaration was inadmissible hearsay and should have been excluded.

This hearsay testimony was essential to the state's proof of aggravated sodomy. Without it, the evidence did not support the verdict. Therefore, the trial court erred in denying the appellant's motion for a directed verdict of acquittal on the aggravated sodomy charge.

2. The appellant enumerates as error the court's failure to rebuke the district attorney or grant a mistrial following several instances where the district attorney brought up allegedly inflammatory matters during cross examination of defense witnesses. In every instance, the questions were objected to and the objections were sustained; and in none of them did the defense counsel move for a mistrial or request a rebuke. Since we are reversing the judgment on other grounds, we need not decide whether the district attorney's actions were so egregious or prejudicial as to require action by the trial court on its own motion. See *Smith v. State,* 118 Ga. App. 464 (164 SE2d 238); and *Brown v. State,* 110 Ga. App. 401

(138 SE2d 741). The appellant's remaining enumerations of error are without merit.

*Judgment reversed. Bell, C. J., Quillian, P. J., Webb and Shulman, JJ., concur. Deen, P. J., Marshall, McMurray and Banke, JJ., dissent.*

ARGUED FEBRUARY 28, 1977 — DECIDED JULY 14, 1977.

*Garland, Nuckolls, Kadish, Cook & Weisensee, Edward T. M. Garland, John A. Nuckolls,* for appellant.

*John T. Perren, District Attorney, Richard D. Allen, Assistant District Attorney,* for appellee.

MCMURRAY, Judge, dissenting.

The crux of this case is that a neighbor of the victim was an eyewitness to a sexual assault upon a six-year-old child by the defendant. He saw the child being molested and ran out of his home to prevent the child from being harmed. The perpetrator drove away in a blue Ford automobile. Another neighbor and this witness followed in hot pursuit and although they lost the car from view on one occasion they later located the blue Ford and informed a law officer who arrested the driver. In the meantime, the father had been advised of the assault by his sister-in-law and he, too, pursued the perpetrator but was unable to locate the driver. He then returned and attempted to find out from his six-year-old son, who was scared and crying, what had occurred. In the meantime, the neighbor eyewitness returned and told him the offender had been caught. Thereupon, the father went into the house, got his father-in-law and the boy and began to drive to the jail. During this ride the son again broke down and cried but finally, after regaining his composure, gave his father an account of the incident which shows a prima facie case of aggravated sodomy.

The majority, in reversing this case, held that the testimony given by the father as to the six-year-old son's declaration to him as to what occurred, and which was the

first utterance by him, amounted to hearsay, that it was essential to the state's proof of aggravated sodomy, and without it the evidence did not support the verdict. The majority has reversed, holding that the lower court erred in refusing to direct a verdict of acquittal on the aggravated sodomy charge. To this I cannot agree.

The court allowed this testimony of the victim's statement as to what his son had told him on the way to the jail, approximately 30 to 40 minutes after the alleged criminal act had occurred, as a part of the res gestae. The law clearly states that declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae. "The ultimate test of res gestae is spontaniety and logical relation to the main event (*Lampkin v. State,* 87 Ga. 516 (13 SE 523)), contemporaneous with the main fact but not necessarily precisely concurrent in point of time." *Terrell v. State,* 138 Ga. App. 74 (225 SE2d 470). The majority hold the time lapse of 30 to 40 minutes and the boy's exposure during that period to persons who were aware of what had transpired left him open to many opportunities for the formulation of an untrustworthy declaration. I do not find this to be true and I cannot agree that the father's recollection of the child's declaration to him was inadmissible as hearsay. The neighbor only saw child molestation and could not testify as to the aggravated sodomy, although it could have occurred since he left his point of observation to rush to protect the child. However, his testimony is consistent with the father's testimony (child's declaration) as to the occurrence of sodomy.

The general rule as laid down by the Supreme Court is that where the complaint constitutes a part of the res gestae not only is the fact that a complaint was made, "but the complaint made, is admissible; and the details of the complaint may be given" in evidence as well. *Hooks v. State,* 215 Ga. 869 (7) (114 SE2d 6). See also Code § 38-305; *Conoway v. State,* 171 Ga. 782, 784 (156 SE 664); *Epps v. State,* 216 Ga. 606, 611 (2f) (118 SE2d 574); *Robinson v. State,* 232 Ga. 123, 129 (205 SE2d 210); *Ruff v. State,* 132 Ga. App. 568 (2) (208 SE2d 581).

Since I would affirm the judgment, I therefore

dissent.

I am authorized to state that Presiding Judge Deen and Judge Marshall join in this dissent.

BANKE, Judge, dissenting.

The majority appears to have overlooked the fact that the declaration which we are concerned with in this case is that of a six-year-old child rather than an adult. There is ample authority as recognized and followed by many states that res gestae rules should be applied more liberally in the case of children. Wharton, Criminal Evidence, § 282.

Regardless of the standard applied, however, the statements do not fall clearly outside of the res gestae of the alleged crime. Since their admissibility is at worst doubtful the rules of evidence require that they be admitted. See *Central Railroad v. Smith,* 76 Ga. 209 (1) (1886); *Purser v. McNair,* 153 Ga. 405 (2) (112 SE 648) (1922).

It is true that statements made by victims of sexual offenses are generally not admissible as part of the res gestae when such statements were made in response to direct inquiry by another person. However, when the victim is shocked, shamed, excited or of tender years, an exception to the general rule is recognized. This is as it should be because children of tender years usually do not have the capacity to concoct the type of premeditative afterthought which the law distrusts. This is especially true when no motive exists for a false utterance and no reason appears to suspect the declarant's credibility. Res gestae statements are considered trustworthy because they are considered spontaneous, and a young child is unquestionably more likely to respond spontaneously than is an adult.

I would affirm the trial court.

I am authorized to state that Presiding Judge Deen and Judge Marshall join in this dissent.