|   12 |  25 |
| --- | --- |
|   87 | 584 |
|   12 |  25 |
|  116 |  91 |
|   12 |  25 |
|  129 | 171 |

No. 8.—ELISHA WADE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Where a Juror in the trial of a criminal cause, had formed and expressed a decided opinion as to the guilt of the defendant, before being impannelled and sworn, which fact was unknown to the defendant until after the rendition of the verdict : *Held,* that such Juror was disqualified from sitting on the trial, and that a new trial should be granted.

[2.] It is error for the Court, on the trial of a criminal cause, after the Jury have retired to their room to consider of their verdict, to call them back into the Court room, and read over to them the evidence taken down by the Court, without the consent of the prisoner's counsel, and in the *absence of the prisoner.*

VOL. XII 4

Indictment, in Dooly Superior Court, for an assault with intent to commit a rape. Tried before Judge POWERS. April Term, 1852.

At the April Term, 1852, of Dooly Superior Court, Elisha Wade was tried and convicted of an assault with intent to commit a rape.

Counsel for the defendant moved for a new trial, upon the following grounds.

1st. Because John Lashly, one of the Jurors who tried said cause, since the trial of the same, has said to John D. and William R. Dawson, and various other persons, that before the trial his mind was fixed and made up as to the guilt of the defendant, and which was not known to the prisoner till after the trial.

2d. Because the Court erred in allowing the Solicitor General to lead the witness by asking her if the defendant attempted to strip up her clothes, after prisoner's counsel had objected, no objection being made by prisoner.

3d. Because the Court erred in this, that after the Jury had retired to their room to make up their verdict, and after having remained there sometime, to call them back into Court, and reading over the written testimony as taken down by the Court to the Jury, and without the consent of prisoner's counsel, and while prisoner was absent.

The following affidavits were read, in support of the first ground:

GEORGIA, DOOLY COUNTY.

Personally came before me, John D. and Wm. R. Dawson, who, after being duly sworn, saith that on yesterday in a conversation with John Lashly, one of the Jurors who set upon the case, and after the trial and conviction of Wade, they heard the said John Lashly say that he was sorry he set on the case, and that if he had been put upon triors he would not have set upon

said cause, because his mind was made up before, against the prisoner.	JOHN D. DAWSON,
WM. R. DAWSON.

Sworn to before me, April 18, 1852. }
H. H. Bostwick, J. P.

GEORGIA, Dooly County.

Personally appeared before me, Stephen W. Pearce, who being sworn, saith that as well as he recollects, that on Tuesday of the first week of the present session of the Superior Court of this County, and before the impannelling of said Jury to try said cause, he heard John Lashly say, that he, from what he understood, believed the defendant, Elisha Wade, was guilty, and that there was no chance but for him to go to the penitentiary.

S. W. PEARCE.

Sworn to in open Court, this }
the 22d day of April, 1852. }
Robert B. Davis, Cl'k. }

The Court refused to grant the motion for a new trial, and this decision is assigned as error.

T. H. Dawson and Lochrane, for plaintiff in error.

Solicitor General DeGraffenreid, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The first ground taken for a new trial in this case, in the Court below was, that John Lashly, one of the Jurors who returned the verdict against the defendant, was not an impartial Juror, having formed and expressed an opinion against him, before he was impannelled and sworn as a Juror, which fact was unknown to the defendant until after the trial. The application for a new trial on this ground, is based on the affidavits of S. W. Pearce, John D. and Wm. R. Dawson, John W. Cox, and the affidavit of the defendant. Pearce states, that during the

term of the Court at which the trial was had, and before the Jury were impannelled, he heard John Lashly, the Juror, say, "that from what he understood, he believed the defendant *was guilty*, and that there was *no chance but for him to go to the penitentiary.*" John D. and Wm. R. Dawson, state, that in a conversation with John Lashly, the Juror, after the trial, he said, "he was sorry he sat on the case, and that if he had been put upon triors he would not have sat on said case, because *his mind was made up before, against the prisoner.*" The affidavit of Cox is substantially the same as that of the Dawsons.

The affidavit of the defendant states, that he had *no knowledge of the disqualification of the Juror* until *after* the impanneling of the Jury, and the rendition of the verdict. According to the principles settled by this Court in *Monroe vs. The State*, (5 *Geo. Rep.* 140,) the defendant was entitled to a new trial. It is insisted that the affidavits as to what the Juror stated *after* the trial, ought not to be received. As a general rule, this is true, on the principle that a Juror will not be permitted to *impeach* or *destroy* his own verdict by statements made subsequent to its rendition; but here it is shown, that the Juror had made the same statement in regard to the guilt of the defendant, *before* he was impannelled and sworn as a Juror in the cause; his subsequent statements were *confirmatory* of his previous declared opinion as to the *defendant's guilt*, and in *that view only*, could his *subsequent* declarations have been received. This is a question which the Court should always guard with scrupulous jealousy.

In this case, however, it is quite apparent, that the defendant was tried by one Juror who was not *impartial;* one who had not only *formed a decided opinion* against him, but had *expressed* that opinion before he was sworn as a Juror for the trial of the cause. There is no attempt to *sustain* the verdict by the affidavit of the Juryman, that he was not influenced by his preconceived opinion on the trial.

[2.] Another ground taken for a new trial, is that the Court erred in calling the Jury from their room after they had retired to consider of their verdict, into the Court room, and reading over to them the written testimony as taken down by the Court,

Wade *vs.* The State of Georgia.

without the *consent* of the prisoner's counsel, and while *the prisoner was absent.*

This was clearly error. The Court has no more authority under the law, to read over testimony to the Jury, affecting the life or liberty of the defendant, in *his absence,* than it has to examine the witnesses in relation thereto, in his absence. The defendant has not only the right to be confronted with his witnesses, but he has also the right to be *present,* and see and hear, *all the proceedings* which are had against him on the trial before the Court. It is said the presumption must be, that the Court read over the testimony correctly, and read over all that was delivered against the defendant; therefore he was not injured. The answer is, that it was the *legal right* and *privilege of the defendant,* to have been *present in Court* when this proceeding was had before the Jury in relation to the testimony delivered against him; and he is to be considered as standing upon *all his legal rights,* waiving none of them.

It is also assigned for error in this case, that the Court allowed the Solicitor General to lead the witness for the State, by asking her "if the defendant attempted to strip up her clothes, after prisoner's counsel had objected, *no objection being made by prisoner.*"

We think the question put to the witness was too leading; the proper question would have been, to have asked the witness what the defendant did to her person? or what did he do to your clothes, &c.? The objection to this question not being made by *the prisoner,* as stated in the record, does not alter the legal rule of evidence; the objection was made by *the prisoner's counsel,* who was his *legal adviser,* and the proper one to make the objection; it was not necessary that the *prisoner himself,* should have made it, to have been available before the Court. Let the judgment of the Court below be reversed, and a new trial granted.