Pannell, Judge.
Appellant was convicted in the Juvenile Court of DeKalb County of theft by taking and sentenced to an indefinite term of commitment to a youth development center.
The victim, a Marine stationed at Camp Lejeune, North *814 Carolina, while putting on his pants in a dressing room of an Atlanta department store, dropped his wallet. Appellant, who was present in the dressing room with the co-accused, picked up the wallet and while the victim proceeded to put his pants on, the appellant left the dressing room and the victim found that his wallet was gone too. With an automatic reflex, the victim confronted the appellant and loudly demanded the return of his wallet. Brushing aside the denial of the appellant, whom he had seen pick up his wallet, the victim turned to appellant’s companion and vociferously said if he (the appellant) does not have it he (the companion) has. The companion (co-accused) then reached in his pocket and pulled out $52, said it was the victim’s money and that "he [appellant] gave it to me.” In the face of this, there is no evidence of a denial or protest by the appellant.
Mr. W. Houston, an off-duty Atlanta policeman, was contacted by a store clerk to quell a disturbance between the victim and appellant, a disturbance that did not stop until appellant’s companion and co-defendant returned the $52. Mr. Houston witnessed all of the disturbance resulting from the taking of the wallet including the return of the money and accusatory statement by appellant’s companion, and learned of the taking from the victim while attempting to quell the ensuing disturbance.
The victim was not present at the trial but Mr. Houston testified concerning the entire event.
Appellant’s enumerated errors are considered in the order that best facilitates review as follows: (1) The court did not err in permitting witness Houston, a department store security guard, to testify as to statements made to him by the victim. Georgia law recognizes that declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae. Code § 38-305. If the witness’ testimony is admissible as res gestae it is immaterial whether the victim is available as a witness for purpose of cross exami *815 nation. Hart v. Powell, 18 Ga. 635; 6 Wigmore on Evidence 138, § 1748. The victim saw appellant take his wallet, realized he had left the dressing room, confronted him outside the dressing room hollering and shouting and very boisterous, creating a disturbance. The testimony in issue here is "This man took my wallet.” All else the witness personally observed. The ultimate test is spontaniety and logical relation to the main event (Horne v. State, 27 Ga. App. 587 (109 SE 699)), a natural and probable consequence from the criminal act (Lampkin v. State, 87 Ga. 516 (13 SE 523)), contemporaneous with the main fact but need not be precisely concurrent in point of time. Aetna Life Ins. Co. v. Jones, 80 Ga. App. 472 (56 SE2d 305); Lingo v. State, 226 Ga. 496 (175 SE2d 657). The statement of the victim sprang out of the whole transaction while the parties were still laboring under the excitement and strain of the circumstances and in such proximity in time as to preclude the idea of deliberation and fabrication, and it was not error for the trial judge to regard it as contemporaneous within the meaning of the res gestae rule. (2) The court did not err in permitting witness Houston to testify as to statements made to him by Webster, the co-defendant. After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all. Code § 38-306. The Georgia Courts have held where the evidence shows a concert of action between the parties, the court may, in its discretion, admit the acts and declarations of one accomplice to criminate the other, touching the common object (Malone v. State, 8 Ga. 408 (3); Horton v. State, 66 Ga. 690 (1)), and specifically apply the rule to acts and sayings in concealment of the wrongful act. Byrd v. State, 68 Ga. 661; Thompson v. State, 58 Ga. App. 593 (2) (199 SE 568); Jenkins v. State, 73 Ga. App. 515, 516 (37 SE2d 230). Under the factual situation in this case, the court as the trior of law and fact was warranted in finding a concert of action on the part of the *816 appellant and co-defendant Webster, touching the common criminal act and admitting Webster’s testimony against the appellant. Tompkins v. State, 17 Ga. 356 (1); Mitchell v. State, 202 Ga. 247 (1) (42 SE2d 767). (3) The court did not err in dismissing the appellant’s motion to dismiss when the victim failed to respond to subpoena and did not testify or give any evidence, there being other competent or admissible evidence to establish the corpus delicti. In view of our finding (supra) that the court did not err in admitting the testimony of witness Houston and witness Webster, this ground for error is without merit. (4) The court did not err in basing its decision in the dispositional hearing upon assumptions about appellant’s previous conduct derived from improper and highly prejudicial information contained in appellant’s file.
Argued October 4, 1972
Decided January 3, 1973.
Code § 24A-2201 (Ga. L. 1971, pp. 709, 732) authorizes a juvenile court in dispositional hearings to receive all information helpful in determining the questions presented, including oral and written reports to be relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition. Subsection (d). Although appellant contends in support of this enumeration, "The court in this case considered and relied solely upon information contained in the file of no probative value whatsoever(emphasis supplied), suffice to say, the probative value to be accorded any evidence is within the sound discretion of the trior of fact, in this case, the court, and should not be disturbed in the absence of a manifest abuse of discretion. There is no indication in the record that the court considered and relied solely on any evidence to the rejection of all other. The evidence is sufficient to support the conviction and sentence. Other enumerations of error either have no merit or were abandoned.

Judgment affirmed.

Hall, P. J., and Quillian, J., concur.

Lucy F. Henritze, Joseph M. Winter, for appellant.
Thomas M. Witcher, for appellee.