47961. UPTON v. THE STATE.

Argued March 5, 1973 — Decided March 16, 1973.

*Hodges & Oliver, G. Robert Oliver,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr.,* for appellee.

DEEN, Judge. ■ The verdict was guilty of involuntary manslaughter in the commission of an unlawful act. The only unlawful act on which the court charged the jury was the offense of speeding, and as to this there is no evidence whatever except the fact that the wife was in fact injured when she hit the roadway and the fact that the defendant admitted he was going between 45 and 60, and the speed limit at that time of night being 50. Things which may prove two contradictory results equally prove neither. The defendant was, according to his statement, going slightly over or slightly under the speed limit. In one case he was committing an unlawful act; in the other he was not. This being so, it cannot be said that his commission of an unlawful act was proved beyond a reasonable doubt, and the court should have granted the motion for new trial on the general grounds.

■ The request to charge set out in the 12th enumeration of error was actually given in the language requested, and that set out in the 10th is substantially included in it. The request to charge on circumstantial evidence set out in the 11th ground was also given in haec verba except for the last sentence: "In determining whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted." The rule of course is that the jury may disbelieve the defendant's unsworn statement in part or in whole. It "shall have such force only as the jury may think right to give it." Code Ann. § 38-415. Omission of this sentence from the charge was not error.

■ Code Ann. § 27-1403 requires that the state must on written request furnish the defendant with a list of witnesses to be used against him. On a prior trial of this case (which resulted in a mistrial) the issue was raised as to one Dodgen and the court allowed him to testify. The defendant being possessed of this knowledge on the

second trial could not have been surprised when the witness was again called, knew what testimony he would give, and, having made no further demand for such a list, cannot complain. The purpose of the Act is to shield the defendant from the effect of testimony against which he has no opportunity to defend himself. The fact that this witness had in fact been subpoenaed by the defendant was not of itself any reason to refuse to let him be called by the state.

■ When the defendant elects to put his character in issue the direct examination must relate to his general reputation, not to particular transactions, but on cross examination the state may inquire with particularity to test the witness' basis for the opinion given, and may "inquire if he has not heard particular persons speak ill of him, or if he has not known him to be accused of particular crimes." *Moulder v. State,* 9 Ga. App. 438, 439 (71 SE 682). It was accordingly not error, where the defendant had entered a plea of nolo contendere for a previous offense, to inquire on cross examination of the witnesses to his good character whether they were aware that he had been arrested for such offense.

■ The fourth enumeration of error complains of the state's refusal to divulge a large variety of material called for by motion to produce, all of which, however, appears to have related to the state's case, that is, the question of murder or voluntary manslaughter. We are pointed to no material failure to divulge which would bear on the issue of guilt or innocence of involuntary manslaughter. In the same manner, enumerations of error 4, 5, 7, 8, 13, 14, 16, 17, 18, 19 and 21 are not considered since they direct themselves either to the crime of murder which was eliminated by the jury verdict or the question of venue which was eliminated by the decision of the Supreme Court. We hasten to add that none of them raise questions which might have prejudiced the defendant *on the trial of the case* when viewed in the light of the verdict,

although, had the jury found the defendant guilty of murder, a different question would have been presented.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*