## 49704. HIBBS v. THE STATE.

QUILLIAN, Judge.

This case is here on appeal from the defendant's conviction on two counts of an indictment for the sale of marijuana and on one count for the possession of marijuana. After the jury returned its verdict against the defendant, a motion for a new trial was filed and also an amendment thereto. The amended motion for new trial was overruled by the trial judge. *Held:*

1. The defendant contends that the trial judge erred in allowing, over objection, certain testimony given by two prosecuting officers on the ground that the testimony constituted hearsay. The evidence given by the two officers was offered to explain conduct and as such was admissible as original evidence under Code § 38-302. See *Jacobs v. State,* 71 Ga. App. 808 (2) (32 SE2d 403); *Coleman v. State,* 127 Ga. 282 (1) (56 SE 417).

2. The defendant contends it was error to allow one Lannie Tullis to testify over the objection that his name was not contained in the list of witnesses furnished by the state to the defendant on demand being made. It is urged in this connection that the indictment identifies Lannie Tullis while the transcript refers to Danny Tullis. However, the clerk of the trial court has cleared up this discrepancy by supplemental certification reciting that due to a typographical error wherever the name Danny Tullis appears in the transcript it should read Lannie Tullis.

Although counsel for the defendant sets forth in the brief to this court the list of witnesses furnished to the defendant, there is no such list contained in the record. However, the record does contain the indictment and the first count thereof reads as follows: Defendant "did then and there unlawfully not being authorized under any provision of the Georgia Drug Abuse Control Act to do

so, did unlawfully distribute and sell to Lannie Tullis marijuana, contrary to the laws of said State, the good order, peace and dignity thereof." Thus, the witness' name was contained in the indictment as the party to whom the defendant sold the marijuana.

In *Hicks v. State,* 232 Ga. 393, 398, 399 (207 SE2d 30), the Supreme Court considered the purpose of Code § 27-1403 (as amended, Ga. L. 1966, pp. 430, 431) with regard to providing a list of witnesses. There it was held: "It is evident that the transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial." Certainly, the manifest intention of the Act and purpose as enunciated by the Supreme Court was satisfied in this case by the fact that the witness' name was set forth within the body of the indictment. The defendant could not contend that he had been surprised or did not have an opportunity to interview the witness in question through unavailability or lack of knowledge of such witness. That being true, there was no error harmful to the defendant even if the witness' name was not set forth on a list separate from the indictment.

3. The evidence was sufficient to authorize the verdict and sentence entered thereon.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 10, 1974 — DECIDED NOVEMBER 26,1974.

*Harrison & Garner, James W. Garner,* for appellant.
*Bryant Huff, District Attorney, Gary Davis, Dawson Jackson, Assistant District Attorneys,* for appellee.