### 51190. JOHNSON et al. v. THE STATE.

EVANS, Judge.

Defendants were convicted of aggravated assault and thereafter sentenced. Motion for new trial was filed and denied. Defendants appeal. *Held:*

1. This case was heard before the judge without the intervention of a jury. Thereafter the judge retired to his chambers with counsel and reviewed the testimony with them. Upon the return to the courtroom the judge stated: "After reviewing the testimony with counsel in my chambers, after having considered the evidence carefully, at this time, I am going to find both defendants guilty on the aggravated assault charge." Defense counsel

contends that since it is the legal right of a person accused of a crime in this state to be present at all stages of his trial, the judge erred in reviewing the evidence in his chambers with only the counsel present, citing *Wade v. State,* 12 Ga. 25; *Lyons v. State,* 7 Ga. App. 50, 55 (66 SE 149); *Wilson v. State,* 212 Ga. 73, 75 (90 SE2d 557).

The trial was over, and the conference was tantamount to the consideration of the case by the jury. In such instances, defendants are never allowed in the jury room. Nor for that matter are counsel for plaintiffs or defendants.

If it be a mere review of the evidence, it was error. *Wade v. State,* 12 Ga. 25 (2), supra. If it be the argument stage, it was a part of the trial, and the defendant has the right to be present during the entire trial. See cases cited in *Seay v. State,* 111 Ga. App. 22, 25 (3) (140 SE2d 283); *Wilson v. State,* 212 Ga. 73, 75, supra. While this case was not tried in the ordinary manner in that a jury trial was waived; nevertheless, the judge was both judge and jury, and the defendant is entitled to be present when the evidence is discussed by the judge with the lawyers in accord with law and good practice and to see and hear what is going on and what is being done in the case.

So here we have a defendant with error committed against him, in that the judge, opposing counsel, *and his own counsel* discussed and reviewed the evidence *in the absence of defendant* with the judge acting as jury. Defendant made no objection because he was not a lawyer, not skilled in trial of cases, and perhaps did not even know that what was being done was erroneous. His own lawyer was agreeably participating in the error, and now defendant makes the point that he was "robbed of his rights" for the first time *in this court,* which he is not allowed to do. See *Anderson v. State,* 129 Ga. App. 1 (2) (198 SE2d 329). It therefore appears that under our rules of procedure the defendant has been wronged but is without a remedy, and we reluctantly hold that what was done was done in such fashion that it can not be held to be reversible error.

2. The defendants fled the scene after the alleged commission of the crimes with which they were charged. As a result of this effort to conceal their misconduct, the

defendants were still embroiled in the conspiracy phase of their criminal activities when their statements were taken by the police immediately after they were apprehended and brought back to the store. The statements which were made indicated a criminal conspiracy between them which might be inferred from the statement and the evidence as shown. The judge did not err in allowing such statement of the defendant Rudolph in evidence against both of the defendants. See Code Ann. § 38-306; *Bennett v. State,* 231 Ga. 458, 461 (1) (202 SE2d 99); *Chatterton v. State,* 221 Ga. 424 (5) (144 SE2d 726); *Hutchins v. State,* 229 Ga. 804 (194 SE2d 442).

3. The evidence submitted shows the defendants had entered a store, and become involved in an argument with the store employees. The police had been called, but defendants had left. The police investigated and departed, and the defendants then reappeared armed with weapons. One of the defendants used a pistol to shoot a store employee in the face. The evidence amply supports the verdict.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED NOVEMBER 24, 1975.

*Alvin L. Bridges, Jr.,* for appellants.
*Richard Bell, District Attorney, David R. Rogers, Assistant District Attorney,* for appellee.