## 51695. TERRELL v. THE STATE.

MARSHALL, Judge.

Appellant was indicted, tried and convicted of the crime of burglary. He was sentenced to serve ten years in the penitentiary. He brings this appeal to that trial and conviction, enumerating seven alleged errors. *Held:*

1. The first three enumerations of error deal with the allegedly erroneous admission of hearsay evidence. The facts reflect that the home-owner-victim was awakened at about 1:30 a.m. by noises in his home. He then apprehended one of the burglars with a pistol and ordered him to tell his companions, who were in another room, to leave. The burglar called out words to the effect that his companions should leave because he had been caught. The victim then heard them leave. The victim asked the burglar what was going on, and the apprehended burglar stated that he had been hitchhiking and two men picked him up and they forced him at gunpoint to break into the house. The victim's wife was allowed to testify much to the same effect. Minutes later when the police arrived in response to the wife's telephone alert, the burglar told a police officer that his two companions were armed.

The admission of these declarations made by the apprehended burglar was objected to by the appellant as being hearsay. The trial court overruled the objections, ruling the declarations were part of the res gestae. The trial court did not err.

The ultimate test of res gestae is spontaniety and logical relation to the main event (*Lampkin v. State,* 87 Ga. 516 (13 SE 523)), contemporaneous with the main fact but not necessarily precisely concurrent in point of time. *Aetna Life Ins. Co. v. Jones,* 80 Ga. App. 472 (56 SE2d 305); *Lingo v. State,* 226 Ga. 496 (175 SE2d 657). These statements made by the burglar to the victim sprang from startled and apprehensive lips of an apprehended culprit while the parties were still laboring under the excitement and strain of the circumstances and in such proximity in time as to preclude the idea of deliberation and fabrication. It was not error for the trial judge to regard it as contemporaneous within the meaning of the res gestae rule. *C. A. J. v. State of Ga.,* 127 Ga. App. 813 (195 SE2d

225).

Appellant also alleges the trial court erred in allowing the state to introduce the apprehended burglar's statement to the policeman that his two companions were armed, still on grounds of hearsay. Such evidence was given to explain the conduct of the several police officers in arresting the defendant. As such, it was admissible as original evidence under Code § 38-302. *Hibbs v. State,* 133 Ga. App. 407 (211 SE2d 24).

2. Appellant complains in his fourth enumeration of error that the trial court erred in failing to direct a verdict of acquittal at the close of the state's case. The evidence showed that the police officer who first came to the victim's home passed an empty, parked auto on a main road about 100 yards from the dwelling. The road was separated from the house by trees and underbrush and this underbrush was damp with dew. The weather was clear. After the officer talked with the burglar in the house and established the apprehended burglar had driven the parked car, he notified a back-up team of officers to look for the parked automobile and detain anyone who entered the car. The back-up team was warned also that two suspects might be armed. When the back-up patrol arrived at the parked vehicle minutes after the first officer had observed it empty, the officers found the car occupied by two persons, one of them the appellant Terrell. They found two hand guns in the car and noted that both occupants were wearing pants that were very wet from the knees down.

Viewing this evidence in its totality, including that offered by the defendant after the state had rested, we find compelling evidence to authorize the denial of appellant's motion for a directed verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743).

3. The fifth enumeration of error asserts that the trial court erred in allowing repetitious evidence from the same witnesses to be offered after the defense rested. However, it was within the sound discretion of the trial court to re-admit, at a later period in the trial, evidence in rebuttal to the testimony of defendant, where such rebuttal testimony had the tendency to impeach his testimony and thus his credibility. *American Fidelity &c.*

*Co. v. McWilliams,* 55 Ga. App. 658, 662 (7) (191 SE 191).

4. Appellant complains in Enumeration 6 that the trial court erred in refusing to charge that appellant could be found guilty only of conspiracy to commit burglary should the jury find a criminal agreement but not be satisfied that appellant was a part of any burglary.

There is no merit in this contention. The evidence presented by the state showed that the crime of burglary was committed. Appellant did not deny that the crime had been committed, but contended it was committed by his companion, without his knowledge. Under the facts, the jury was authorized to find appellant was a party to the crime charged. While it may be true that conspiracy as defined in Code Ann. § 26-3201 is a lesser included offense in any indictment charging the commission of a crime, a matter not before us for decision, it clearly is merged into the greater crime where the evidence shows without dispute that the crime charged actually was committed. The evidence here showed the crime to have been complete and the refusal to charge on conspiracy as a lesser offense was not error. *Dutton v. State,* 228 Ga. 850 (188 SE2d 794); *Knight v. State,* 52 Ga. App. 199 (182 SE 684).

5. In his last enumeration of error, appellant urges error based upon the denial of his motion for new trial. In addition to relying on the errors discussed hereinabove, he also moved for a new trial on the general grounds. That enumeration is without merit. Moreover, appellant failed to present argument or authorities in support of the error complaining of the denial of a new trial on the general grounds. Therefore, that portion of the enumeration is considered abandoned. *Smokes v. State,* 136 Ga. App. 8 (220 SE2d 39).

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 25, 1976 — REHEARING DENIED MARCH 11, 1976 — 

*Leonard Cohen,* for appellant.
*William H. Ison, District Attorney, Michael D.*

*Anderson, Assistant District Attorney,* for appellee.

EVANS, Judge, concurring specially.

A home owner was awakened in the early hours of the morning (1:30 a.m.) by noises in his home. He armed himself with a pistol; he heard several voices; saw a person's head creeping up on his bed; shot at this burglar and apprehended him. He told the burglar to tell the others to leave, as he was in fear of what they might do to him. The companions of the burglar left when the apprehended burglar told them he had been caught. He then told the victim and his wife that two men had picked him up while he was hitchhiking and had forced him at gunpoint to break into the house.

The police were called, saw an abandoned vehicle near the dwelling, and took charge of the prisoner. In response to a question by an officer, the prisoner stated that the car was involved and that the other two men were armed.

A back-up unit was called to investigate the automobile, and two men, one being the defendant in this case, were found seated in the automobile when the police arrived. Handguns were found in plain view and the defendant and his companion were wearing wet clothing.

I concur fully with the majority opinion as to all but the last paragraph of Division 2 wherein the apprehended burglar's statement to the policemen that his two companions were armed was held admissible and allowed in evidence as original evidence under Code § 38-302 as showing the conduct of the officers. I do not agree that such statement was admissible for this reason, as it was completely unnecessary to explain any conduct on the part of the officers.

However, the statement was admissible as a declaration by one of the conspirators during the pendency of the conspiracy and showing sayings and acts in the concealment of the wrongful act since the other two had fled the scene. The statement of the apprehended burglar, while both exculpatory and inculpatory in nature, could be used against all the defendants, and the court did not err in allowing it in evidence. See Code Ann. § 38-306; *Bennett v. State,* 231 Ga. 458, 461 (1) (202 SE2d

99); *Chatterton v. State,* 221 Ga. 424 (5) (144 SE2d 726); *Hutchins v. State,* 229 Ga. 804, 805 (1) (194 SE2d 442); *C. A. J. v. State of Ga.,* 127 Ga. App. 813 (195 SE2d 225); *Johnson v. State,* 136 Ga. App. 719 (222 SE2d 181).

The majority opinion is well-reasoned and well written, and I concur in it fully, with the minor exception pointed out above.