## 53158. ANDERSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals to this court from his conviction for burglary. Prior to arraignment, he demanded a list of the state's witnesses pursuant to Code § 27-1403. The state complied, listing all known witnesses who would testify for the state. Defendant had been indicted with two co-defendants. At arraignment all three entered pleas of not guilty. On the morning of the trial, defendant's co-defendants, Futch and Arnold, changed their pleas to

"guilty," and through their attorney advised the district attorney that they would testify against the defendant and throw themselves upon the mercy of the court.

During opening argument, the district attorney stated that he would use their testimony. Defendant objected "to the State's use of . . . [Futch and Arnold] whose names were not provided." The court permitted them to testify. After the close of the state's case, defendant moved for a mistrial — which was denied. He appeals. *Held:*

1. Code § 27-1403, as amended (Ga. L. 1966, pp. 430, 431), assures a defendant, inter alia, upon demand, "a list of the witnesses on whose testimony the charge against him is founded." The 1966 amendment added: "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the . . . prosecuting attorney shall state . . . the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." It should be observed that the amendment can conflict with the intent of the original Act.

Justice Lumpkin, speaking for the court in *Keener v. State,* 18 Ga. 194 (1855), citing Cobb's Digest and the English ancestral base of this rule, the Statute of Ann, held that a defendant "is entitled only to a list of the witnesses sworn before the Grand Jury." This reaches the heart of the criminal justice system as it was designed to inform a defendant of the identity of his accusers. The Constitution for the State of Georgia for 1877 provided that "[e]very person charged with an offense . . . shall be furnished, on demand, with a copy of . . . a list of the witnesses on whose testimony the charge against him is founded. . ." Art. I, Sec. I, Par. V. The present Constitution reiterates this section.

Our appellate courts have assigned various reasons for the amendment providing for the exclusion of a witness' testimony who is not on the list provided a defendant — even though he is not "a witness on whose testimony the charge against [the defendant] is founded," unless the prosecuting attorney can claim he is

"newly-discovered." See *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30); *McCorquodale v. State,* 233 Ga. 369, 376 (211 SE2d 577); *Upton v. State,* 128 Ga. App. 547, 548 (3) (197 SE2d 478). The reasons assigned have no relation to the original intent of identifying one's accusers, listing those witnesses appearing before the grand jury, and witnesses upon whose testimony the charge against the defendant is based.

This court held in *Upton,* supra, that the purpose of the amendment was "to protect [the defendant] from being surprised by evidence which he then has no chance to refute." Our Supreme Court held, in *Hicks,* supra, that ". . . the transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial." Thus, where a prosecutor knows of the existence of a witness who is unavailable — whether because of his being in a foreign jail, foreign country, or as in this case is a criminal defendant who cannot be forced to testify — if the testimony of that witness suddenly becomes available can he legally claim the witness was unknown or the evidence "newly-discovered?"

If "[t]he object of all legal investigation is the discovery of truth . . . [and] [t]he rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest evidence" (Code § 38-101), it would appear that a co-defendant should be such a source of truth about the commission of a crime for which he and the defendant were indicted.

Our Supreme Court has also held that even though the witnesses "are not 'newly-discovered' " as long as the names are made available "at a reasonable time before trial" (*Hicks v. State,* 232 Ga. 393, p. 399, supra) and the defendant was "afforded opportunity before the commencement of the trial to interview those witnesses whose names had not previously been furnished to him" (*McCorquodale v. State,* 233 Ga. 369, p. 376, supra), and it was "evidence [the state] had no knowledge that [it] would need at the time [it] furnished the list of witnesses to the [defendant]" (*Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362)), such omission is not necessarily fatal.

Under the circumstances of this case, where the two co-defendants changed their plea to guilty upon the case being called for trial, and offered their testimony against the defendant, we find no prejudice in admitting their testimony where their names had been listed in defendant's indictment. *Hibbs v. State,* 133 Ga. App. 407 (2) (211 SE2d 24). Their names were known to defendant. From their testimony at trial it is obvious that he was aware of what their testimony would be. They were available to his counsel for such consultation as their counsel would permit. He cannot claim surprise, at least not any more than the district attorney was surprised at the sudden appearance of two eyewitnesses on the day of trial who had been unavailable to the state before that time.

Defendant's "motion" was not specifically articulated in the record, transcript, or brief. It appears to have been one to exclude the testimony of the two co-defendants. The ruling of the court was: "I'll let them testify." After the ruling, defendant's remedy was a motion for a continuance to give him the opportunity to examine the witness(es) and secure such countervailing evidence as might be available. *Davis v. State,* 135 Ga. App. 203, 207 (217 SE2d 343). As the previously cited authorities generally agree that the "transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview" (*Hicks v. State,* 232 Ga. 393, 399, supra), and "to protect [the defendant] from being surprised by evidence which he then has no chance to refute" (*Upton v. State,* 128 Ga. App. 547, 548, supra), it is clear the basic reason for the statute is to prevent *"forcing* a defendant to trial" (*Davis v. State,* supra) and this purpose is fully served by a continuance.

In the instant case, defendant never moved for a continuance. Apparently he was ready for trial. He was aware of the witnesses' names, and probably the substance of their testimony because of the statements they had previously given to law enforcement authorities. Accordingly, we find additional reason for lack of prejudice. The court's ruling was "sufficiently within the

spirit of the statute not to require a reversal . . ." *Kitchens v. State,* 134 Ga. App. 81, 84 (213 SE2d 180). Accord, *Elrod v. State,* 128 Ga. App. 250, 252 (196 SE2d 360).

2. The remaining enumerations are without merit.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED FEBRUARY 9, 1977.

*John J. Sullivan, Robert Paul Phillips, III,* for appellant.

*J. Lane Johnston, District Attorney,* for appellee.