### 67248. PRICE v. THE STATE.

BIRDSONG, Judge.

Samuel Price was convicted in the traffic court of the city of Atlanta for driving under the influence and sentenced to serve twelve months or a $500 fine. He brings this appeal enumerating a single error. *Held:*

Prior to trial in the traffic court, Price through counsel demanded a list of witnesses to be utilized by the state in the prosecution of its case. The record contains a copy of the uniform traffic citation and accusation citing Price with the offense of DUI

and listing the arresting officer and prosecuting witness as one Officer R. S. Johns. Price was subpoenaed to appear on a day certain to respond to the charge contained in the citation and accusation. After a delay, the case came on for trial in the traffic court. Counsel for Price objected to the failure of the state to furnish the defense with the names of witnesses to be called by the state in the case against Price. The officer, Johns, was present in court. The trial court made the witness available to counsel for Price and the entire file was offered by the prosecutor to the defense except for certain materials that are not otherwise subject to discovery. The court offered to make a copy of all material in the hands of the court available to the defense; however, that offer was declined and the defense stated it would examine the file while the state was presenting its case in chief. The state in fact called only the one officer whose name appeared on the citation and accusation which caused the appellant to appear in court in the first place.

No reversible error appears here because (1) the officer witness was cross-examined and was made available to the defense prior to the preliminary hearing (*Upton v. State,* 128 Ga. App. 547, 550 (3) (197 SE2d 478)); (2) the name of the only state's witness was on the accusation (citation) as the prosecutor, which had been in the hands of the appellant from the date of his arrest (*Hunnicutt v. State,* 135 Ga. App. 774 (1) (219 SE2d 22)); (3) the court offered to recess the proceedings in order to allow the appellant to review the file and to make the prosecuting witness available to the appellant before the trial started (*Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889)); and, (4) the court inquired of appellant's counsel whether he wanted any further access, but no motion for continuance or dismissal was made, with counsel indicating his willingness to proceed. Under such circumstances, we can discern no harmful error to the appellant. The trial court did not err in allowing the witness to testify, especially in the absence of an objection. *Herring v. State,* 238 Ga. 288, 289 (2) (232 SE2d 826); *Hibbs v. State,* 133 Ga. App. 407 (2) (211 SE2d 24).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 2, 1983.

*James T. Sanders,* for appellant.
*Louise H. Norwood, Solicitor, Michael White, Assistant Solicitor,* for appellee.