71028. GOSS v. THE STATE.
(338 SE2d 535)

BENHAM, Judge.

This appeal if from appellant's conviction of two counts of child molestation. The sole enumeration of error made by appellate counsel is that appellant's trial counsel was so ineffective as to have denied

appellant a fair trial. We disagree and affirm.

"The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. [Cit.] We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight*, but counsel reasonably likely to render *and rendering* reasonably effective assistance. [Cit.] The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense. [Cit.]" *Landers v. State*, 250 Ga. 501, 502 (299 SE2d 707) (1983).

The first basis for appellant's assertion of ineffectiveness of trial counsel is his contention that trial "counsel stipulated that the two children [the victims] told the truth." In support of that contention, appellate counsel purports to quote trial counsel as saying, after voir dire of the first child-witness, that the witness ". . . no . . . doubt . . . knows the truth." Because of the ellipses used by appellate counsel and the extraction of the statement from context, appellate counsel's argument on this point is based on a patent misstatement of the record. What trial counsel actually said, after the prosecuting attorney had elicited from the child/witness testimony which clearly showed that she knew the difference between truth and falsehood and that she was aware that she was under an obligation to speak the truth in her testimony, was, "Your Honor, we have no doubt she knows the difference between lying and the truth so we have no objections that she should be sworn." Contrary to appellate counsel's assertion, neither trial counsel's remark at that time nor his decision not to ask questions of the second complaining witness on voir dire amounted to a statement to the jury that the witnesses would be truthful. All the record discloses is that trial counsel, faced with the very effective voir dire of two young witnesses, chose not to pursue the issue of their competency to testify. He did, however, attempt on cross-examination and during the presentation of the defense to attack their credibility by showing that their versions of the circumstances surrounding the incidents were contradicted by other witnesses and that their testimony was tainted by conversations with their mothers and each other.

In sum, it is readily apparent that trial counsel's decision not to cross-examine the complaining witnesses during their voir dire was a tactical decision. See *Landers,* supra.

The second instance of alleged ineffectiveness was trial counsel's failure to object to the trial court's omission of any reference to the ages of the complaining witnesses from its charge on witness credibil-

ity. We note first that it was not error for the trial court to omit an instruction regarding the credibility of those witnesses. *Maynard v. State*, 171 Ga. App. 605 (2) (320 SE2d 806) (1984). Second, appellant's trial counsel may well have chosen, as a tactical matter, not to remind the jury that the victims of appellant's alleged sexual assaults were young children, both under the age of ten at the time of the crimes.

Appellant's final argument on this issue concerns the absence of any evidence at trial of appellant's mental state. This argument is based on the assumption that since appellant is physically ill (he has emphysema), he may also be mentally ill. Having reviewed the entire record and transcript, we find no basis at all for this argument. Appellant was present at trial, was able to cooperate with counsel, and testified in his own behalf. None of the testimony relating to his physical illness alluded to the depression which appellate counsel suggests is a natural concomitant of such illness. There was also no hint that appellant had any basis for a plea of insanity: he steadfastly denied committing the acts of molestation and suggested reasons why the victims' families, neighbors of his, might bear grudges against him which would prompt them to make false reports. Appellate counsel also suggests that evidence given at the sentencing hearing should have alerted trial counsel to the need for a psychological examination. However, when the prosecuting attorney inquired of appellant's witnesses whether his illness might have affected his mind, they insisted that he was still the good man he had been before his illness.

All in all, appellate counsel's efforts to show ineffectiveness on the part of trial counsel are wholly ineffective: there was no apparent basis for an insanity plea, the court's charge on credibility was adequate and trial counsel's failure to object could have been tactical; and the voir dire of the complaining witnesses was sufficiently effective that trial counsel's lack of cross-examination regarding their competency may also be viewed as a tactical decision — and a good one at that.

There being no support in the record for the assertion of ineffective assistance of counsel, we find no reason to reverse appellant's conviction.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 2, 1985.

*Paul S. Weiner, Richard N. Hubert*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.