72381, 72382. WILSON v. THE STATE (two cases).
72383. VOYLES v. THE STATE.
(350 SE2d 807)

McMURRAY, Presiding Judge.

Charles Winfield Wilson, a/k/a Robert Thomas Wilson (defendant Wilson) and James Daniel Voyles (defendant Voyles) were indicted for armed robbery, burglary and the aggravated assault of Mrs. Lois Johnson and Mr. Luke Johnson. The defendants were represented by the same attorney at a joint jury trial, which commenced on March 2, 1983. The following evidence, construed most favorably to support the verdict, was adduced:

At approximately 8:45 during the evening of April 2, 1981, Lois and Luke Johnson were in their living room when defendant Wilson, defendant Voyles and another man entered their home. As Mr. Johnson was sleeping in a chair, defendant Voyles went to Mrs. Johnson, who was confined to her chair because of a debilitating disease, covered her mouth with his hand and threatened to kill her if she screamed. Simultaneously, defendant Wilson and his confederate grabbed Mr. Johnson, awakened him and defendant Wilson struck Mr. Johnson in the head with a pistol. A struggle ensued and defendant Voyles left Mrs. Johnson unattended to assist the other men in "stomping" and "bouncing" Mr. Johnson on the floor. During the struggle, Mr. Johnson obtained a pocketknife and managed to "hit" defendant Voyles' leg three times with the knife. After 12 to 15 minutes, Mr. Johnson was subdued. The intruders bound his arms and legs. The men then took the Johnsons' money, cut the telephone line in the living room and fled.

Other evidence showed that defendant Voyles had sustained several knife wounds to his left leg. According to expert testimony, the wounds had not been treated by a physician and had been inflicted "a month or so" before the examination by the expert witness. Blood samples taken from the Johnsons' living room matched defendant Voyles' blood type.

From this and other evidence adduced at trial, the defendants were convicted on all counts of the indictment. After a sentencing

hearing, which revealed that both defendants had a history of committing violent crimes, the trial court sentenced the defendants. In an order dated October 15, 1985, the defendants' motion for new trial was denied. Defendant Wilson appeals in Case Nos. 72381 and 72382 and is represented by appellate counsel different from trial counsel. Defendant Voyles appeals in Case No. 72383. *Held*:

1. The defendants have consolidated their first enumerations of error in this appeal and contend that they were deprived of their constitutional right to effective assistance of counsel because the trial court required them, over timely objection, to proceed with joint representation at trial. The defendants argue that because of divided loyalties counsel failed to fully and adequately represent them.

" '(W)henever a trial court improperly requires joint representation over timely defense objection, reversal is automatic.' *Holloway v. Arkansas*, 435 U. S. 475, 488 (98 SC 1173, 55 LE2d 426) (1978). However, '(i)n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial, must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC ___, 64 LE2d 333) (1980)." *Brown v. State*, 247 Ga. 298, 299 (2) (275 SE2d 52). However, where there is no indication that joint defendants desire separate counsel prior to trial, material prejudice must be demonstrated before a new trial will be required. *Hamilton v. State*, 255 Ga. 468, 470 (2) (339 SE2d 707). In the cases sub judice, the defendants filed several motions prior to trial and there was no indication that the defendants desired separate counsel. Separate trial counsel was not requested until after a jury was empaneled on the day of trial. Consequently, the defendants must demonstrate that they were materially prejudiced by joint representation.

" ' "A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence." *Montgomery v. State*, 156 Ga. App. 448, 454 [275 SE2d 72] (1980).' *Brown v. State*, [247 Ga. 298 (2) (275 SE2d 52)]. Single representation of multiple defendants raises no per se presumption of conflict of interest or prejudice. *Cuyler v. Sullivan*, [446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333)]." *Hamilton v. State*, 255 Ga. 468, 470 (2), supra. In the cases sub judice, an examination of the record not only reveals overwhelming evidence to support the defendants' convictions, it shows that the defendants' attorney adequately represented them at trial. During trial, defense counsel thoroughly presented the defendants' sole defense of mistake in identification by thoroughly cross-examining the victims as to the reliability of their account of the crimes. The defendants' contention that their trial may have been conducted differently had they been represented by separate counsel is not persuasive. " 'The fact that the case could have been tried differently on

behalf of the [defendants] does not mean that [they] failed to receive a vigorous and competent defense. (Cit.)' *Landers v. State*, 250 Ga. 501, 502 (299 SE2d 707) (1983)." *Goss v. State*, 177 Ga. App. 108, 109 (338 SE2d 535). Since the defendants have demonstrated no material prejudice as a result of joint representation, this argument is without merit.

2. In his second enumeration of error, defendant Wilson contends that "[t]he denial by the trial court of [defendants'] Motion for Pre-Trial Hearing on all pending motions and exclusion of the [defendants] from the argument of said motion constituted a deprivation of due process." Prior to trial, defendant Wilson filed several motions with the trial court. However, he failed to set a date for a pre-trial hearing on the motions as required by local rules of court. Instead, the defendants' attorney waited until the day of trial, after a jury was empaneled, to request a hearing. (The defendants' attorney was appointed on September 28, 1982, over five months prior to trial.) In an unrecorded in-chambers hearing before defense counsel and the State's attorney, without the presence of the defendants, the trial court heard arguments of counsel and ruled on the defendants' motions. At the conclusion of trial, defense counsel complained because the defendants were excluded from the pre-trial hearing. In response, the trial court allowed the defendants' attorney to restate all arguments he presented at the pre-trial hearing, on the record, with the defendants present. Further, the trial court asked defense counsel to "spell out" any phase of the procedure that was harmful. Defense counsel failed to respond.

Although a defendant has the right to be present during all stages of his trial, this right may be waived absent a timely objection. *Johnson v. State*, 136 Ga. App. 719 (1) (222 SE2d 181). In the cases sub judice, although the defendants had a right to be present during the hearing on their pre-trial motions, because no objection was raised at a time when error could have been remedied without requiring a new trial, the defendants waived the complaint that they have been denied their right to be present during the pre-trial hearing. "To hold otherwise would allow for 'sandbagging' of the trial judge; and it would also violate the general rule that a party cannot sit idly by, ignore the commission of error by the trial judge, take his chances on a favorable verdict, and then complain on appeal if the favorable verdict does not materialize." *State v. Peabody*, 247 Ga. 580, 581 (1) (277 SE2d 668). Further, since the trial judge conducted a hearing on the record, in the defendants' presence, as soon as defense counsel brought the matter to the court's attention; and, since defense counsel was unable to enumerate any prejudice caused by the omission, any error was harmless.

3. In his final enumeration of error, defendant Wilson argues

that the photographic array that was shown to Mr. and Mrs. Johnson was impermissively suggestive.

Paul Loggins, an agent for the Georgia Bureau of Investigation, testified that after having viewed eight photographs, Mr. Johnson identified defendant Voyles and then he identified defendant Wilson. With regard to Mr. Johnson's identification of defendant Wilson, agent Loggins testified "Mr. Johnson . . . picked up the photograph depicting Defendant Charles Wilson and he said, 'I believe this is the other person. The one who had the gun.' He said, 'If I could see the side of his face, I could tell you for sure, but I believe this is him.' " Whereupon, agent Loggins showed Mr. Johnson a side view photograph of defendant Wilson.

Since Mr. Johnson identified defendant Wilson before the side view photograph was displayed, this procedure was not impermissively suggestive. Further, Mr. and Mrs. Johnson positively identified defendant Wilson at trial and the evidence shows that both witnesses had ample opportunity to observe defendant Wilson during the commission of the crimes. The living room was well lighted, the struggle involving defendant Wilson lasted from 12 to 15 minutes and defendant Wilson was the only intruder carrying a pistol.

Whatever conflicts existed in the evidence as to the identity of defendant Wilson, they were resolved by the jury against him. The evidence was sufficient to convince a rational finder of fact, beyond a reasonable doubt, that defendant Wilson was one of the perpetrators of the crimes charged. Further, the evidence shows that there is no likelihood of irreparable misidentification of defendant Wilson. See *Hamilton v. State*, 255 Ga. 468, 469-470 (1), supra. This enumeration is without merit.

4. Defendant Voyles' final contention, that the trial court erred in charging the jury "is deemed waived by his failure either to raise or to reserve any objections to the charge, despite his having been invited by the court to do so at the completion of the charge. (Cits.)" *Ross v. State*, 173 Ga. App. 313, 316 (10) (325 SE2d 919). See *Rivers v. State*, 250 Ga. 303, 308 (7) (298 SE2d 1); and *Allen v. State*, 177 Ga. App. 600, 602 (2) (340 SE2d 246).

*Judgments affirmed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 4, 1986 —
REHEARING DENIED NOVEMBER 17, 1986

*Mark O. Shriver IV*, for appellant (case nos. 72381, 72382).

*Bobby Lee Cook, James F. Wyatt III*, for appellant (case no. 72383).

*Roger G. Queen, District Attorney, William H. Boggs, Assistant*

*District Attorney*, for appellee.